change of possession. Josephs was continued in charge and control over the goods; and although the sale to the plaintiffs was in good faith, and Josephs was in like good faith their agent or clerk, yet the very case is presented upon which the statute intended to operate.

The continued change of possession must be "actual," and not constructive.

Judgment affirmed.

---

*EUGENE L. SULLIVAN, RESPONDENT, v. ALVIN          [291]
H. DAVIS AND NATHANIEL GRAY, APPELLANTS.

[1] POWER OF ATTORNEY CONSTRUED. — A power of attorney confirming all sales, leases and contracts of every description, confers the power to sell land.

[2] TITLE UNDER QUIT CLAIM DEED.—An ordinary quit claim deed is sufficient to enable the grantee to maintain ejectment, if the grantor could have done so.

PLEADING JOINDER OF CAUSES OF ACTION.—Under our Practice Act, it is competent for the plaintinff to recover real property, with damages for withholding it, and the rents and profits, all in the same action, and as one cause of action.

[3] TITLE UNDER SHERIFF'S SALE.—A claim of title by virtue of a Sheriff's deed is insufficient, without showing the judgment which authorized the sale.

APPEAL from the Fourth Judicial District.

The plaintiff brought this action to recover a lot at the northeast corner of Dupont and Sacramento streets, in San Francisco, and damages for withholding the possession. There was but one count in the complaint. Plaintiff claimed under, and produced a quit claim deed, dated October 21st, 1852, from D. A. Cheever and Henry Cheever to him, which was executed by D. A. Cheever, by his attorney, Henry Cheever. The power of attorney was in these words: "Know all men by these presents, that I, David A. Cheever, of California, do, and by these presents have constituted

---

[1] Cited in *De Rutte* v. *Muldrow*, 16 Cal. 512; see *Hunter* v. *Watson*, 12 Cal. 363.

[2] Approved in *Downer* v. *Smith*, 24 Cal. 123; *Carpentier* v. *Williamson*, 25 Cal. 168; *Lawrence* v. *Ballou*, 37 Cal. 521; *Rego* v. *Van Pelt*, 65 Cal. 256; 4 Sawy. 528.

[3] Cited in *People* v. *Doe*, 31 Cal. 221; see *Hihn* v. *Peck*, 30 Cal. 287; *Porter* v. *Weiss*, 6 Kan. 455; *Bolan* v. *Bolan*, 4 Nev. 152.

Henry Cheever, of California, to be my true and lawful attorney, hereby confirming all sales, bargains, leases or contracts of all descriptions whatsoever which he may make in my name and behalf, and empowering him to act in all cases in which I may be concerned, as if I were present."

The defendant Gray, at the trial, produced a deed of the property from John C. Hays, Sheriff, to Isaac Norman, dated 8th of August, 1851, and a deed of the same from Norman to James Schindeler, and a lease of the same from Schindeler to Gray. The property had been sold under an execution upon a judgment against D. A. Cheever and others, at the suit of Isaac Norman, obtained in the Eighth District Court, and was purchased by Norman.

[292]      *The plaintiff produced a transcript of a judgment of the Supreme Court, rendered October 20th, 1852, reversing the judgment in the case of *Isaac Norman* v. *Cheever et al.*

Judgment was rendered in favor of the plaintiff for the recovery of the lot, and $3,600 damages.

The defendants moved for a new trial, which was refused, and they appealed.

*John S. Hager* and *George B. Tingley*, for Appellants.

*A. C. Whitcomb*, for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. J. WELLS concurred.

1. The power of attorney from Cheever to Cheever is in very general terms, "confirming all sales, leases and contracts of every description." I can see no reason why it does not confer the power to sell land. If language is the index of intention, in this case it cannot be misunderstood.

2. The deed to the plaintiff, as to its legal effect, must be construed most strongly against the grantor. It would, therefore, operate as an ordinary quit claim, by which all the right and title of the grantor is conveyed, and it is suffi-

cient to enable the grantee to maintain ejectment, if the grantor could have done so.

3.   Under our Practice Act, it is competent for the plaintiff to recover real property with damages for withholding it, and the rents and profits, all in the same action, and as one cause of action.   The Act does not intend merely to give the power of uniting these as different causes in one action, but treating the recovery of real estate, and the rents and profits or damages, as one cause of action, it allows many such causes to be united.

4.   The claim of title by the defendant, by virtue of a Sheriff's deed, is insufficient, without showing the judgment which authorized the sale.   By the most accepted authorities, the judgment is a muniment of title, and for sound reasons it is the safest rule.

Judgment affirmed.