## THE PEOPLE *v.* DOE *et al.*

WRIT OF ASSISTANCE.—Upon an application for a writ of assistance to place a party in possession of land sold by the Sheriff under a judgment for taxes, rendered by a Justice of the Peace, the applicant must produce in evidence the execution and the judgment, and proceedings upon which the execution issued.

PROOF OF SHERIFF'S SALE ON JUDGMENT.—The Sheriff's deed, executed under a judicial sale for taxes, is not *prima facie* or conclusive evidence of his power to sell; but his power to sell, to recite a sale in his deed, and to make the deed, must be proved by the judgment and execution.

DOCKETING JUSTICE'S JUDGMENT BY COUNTY CLERK.—The filing of the transcript of a judgment of a Justice of the Peace with, and the docketing of it by the County Clerk, do not make it a judgment or record of the District Court.

WRIT OF ASSISTANCE ON JUSTICE'S JUDGMENT.— Can the District Court issue a writ of assistance to place the purchaser at a Sheriff's sale in possession of land sold under a judgment rendered by a Justice of the Peace for taxes, and filed with and docketed by the County Clerk?

EVIDENCE ON APPLICATION FOR WRIT OF ASSISTANCE.—On an application for a writ of assistance to place a party in possession of land purchased at a Sheriff's sale made under a judgment rendered by a Justice of the Peace, the Sheriff's deed is not admissible in evidence without first producing the judgment and execution.

*Per* SHAFTER, J.:

WHEN WRITS OF ASSISTANCE MAY ISSUE.—The power of District Courts to issue writs of assistance is limited to sales on judgments rendered by the District Court to which the application for a writ of assistance is made.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*Robinson & Dunlap*, for Appellant, argued that the Sheriff's deed was not evidence that a judgment was rendered, or an execution issued, or a sale made by the Sheriff, but that the respondent should have shown the judgment, order of sale,

and all the facts necessary to confer jurisdiction upon the Court.

*L. S. Taylor,* for Respondent, argued that the statute made the Sheriff's deed conclusive evidence of title, and that the Legislature had the power to say what evidence should be *prima facie* or conclusive.

By the Court, SAWYER, J. :

This is an appeal from an order of the District Court, granting a writ of assistance under the provisions of sections forty-four and forty-five of the Revenue Act of 1861, to put a purchaser at a tax sale in possession of the premises purchased. The application for the writ was based upon the Sheriff's deed alone. The judgment upon which the sale took place appears from the recitals of the deed to have been obtained in the Court of a Justice of the Peace. It must, therefore, have been a money judgment without any order of sale. (*People* v. *Mier,* 24 Cal. 61.) A transcript of the judgment was filed and docketed with the County Clerk, and thereby became a lien. The execution upon which the sale took place issued from the office of the County Clerk. Upon the hearing of the application, the respondent offered in evidence the Sheriff's deed, to which appellant objected on the ground that the judgment under which the sale was made and the deed executed, had not been produced. The Court overruled the objection, and admitted the deed, to which appellant excepted. The only evidence offered was the deed and proof of service of a copy upon the party in possession, and of a demand to be let into possession. It is a general rule that a party claiming under an execution sale must produce the judgment upon which the execution issued. (*Sullivan* v. *Davis,* 4 Cal. 291 ; *Hihn* v. *Peck,* 30 Cal. 287.) But it is provided in section forty-five of the Revenue Act of 1861 that "any deed derived from a sale of real property under this Act shall be conclusive evidence of title, except," etc., (Laws 1861, p. 435, Sec. 45,)

and it is claimed by respondent that this provision takes the case out of the general rule. We think not. It is not provided that the recitals in the Sheriff's deed shall be either conclusive or *prima facie* evidence that the deed is derived from a sale " under this Act." It is still necessary to show that the proceedings and judgment under which the sale purports to have been made actually exist. We said in *Hihn* v. *Peck*, before cited, that the "judgment and execution go to the Sheriff's power to sell, to his power to recite a sale in the given instance, and to his power to give a deed also, and therefore the recitals are not admissible to prove the Sheriff's authority to sell or his authority to recite a sale. The power to sell, to recite, to deed, having its origin in the judgment and execution, must be proved by a production of both, under the rule of best evidence; but when the power has been so proved, the Sheriff becomes, so to speak, the accredited historian of his acts under it." We see no ground for supposing that the Legislature designed to establish a different rule by the provision under consideration. The provisions of section forty-five of the Act of 1861 are very different from those of section twenty-three of the Act of 1857, as amended by the Act of 1859. Sections eighteen and twenty-two of the Act of 1857 require certain facts to be recited in the certificate of sale and tax deeds. (Laws 1857, pp. 333–4, Secs. 18, 22.) And section twenty-three, as amended by the Act of 1859, provides that the facts so recited shall " be all the requisites essential to the validity of sales made for taxes, and a deed made in conformity with the requirements of section twenty-two shall convey to the grantee an absolute title to the lands described in said deed; *　*　* and such deed shall be *prima facie* evidence of title in the grantee, except," etc. (Laws of 1859, p. 349, Sec. 8.) Under this provision it is only necessary to compare the tax deed with the provisions of the Act to see if it recites the facts prescribed, and if it does the statute makes it *prima facie* evidence of the truth of the facts recited and of title. There is no such provision in section forty-five of the Act of 1861. It is provided that " any

deed derived from a sale of real property under the Act shall be conclusive evidence of title," but it is still necessary to look beyond the deed to see if the proceedings upon which the sale was based were had under the Act—to see if the execution rests upon a valid judgment. There may be no semblance of a judgment, or, if there is, when the judgment is produced, it may appear upon its face to be an absolute nullity for want of any service of process upon the defendants. If such should be the fact, it could not for a moment be pretended that such deed is derived from a sale of real property under the Act, for the Court could not acquire any jurisdiction under the Act to render judgment without a service of process in pursuance of the mode prescribed. It is contended, however, that the issuing of the writ of assistance was a proceeding in the same case upon the records of the Court itself, and the Court must be presumed to be judicially informed of the contents of its own records. But this is not so. The application was based upon the deed alone, and not on the record, and the Court cannot be presumed to have looked beyond the moving papers. Besides, the judgment was not a record of the District Court at all. The District Court had before had nothing at all to do with it. The judgment upon which the sale took place was a judgment of a Justice of the Peace. A transcript was filed with the County Clerk, as required by law, and the judgment by him docketed, not with the Clerk of the District Court. The County Clerk, it is true, is *ex officio* Clerk of the District Court, but the records of the County Clerk, as such, are one thing, and those of the District Court quite another. Upon docketing the judgment by the County Clerk, it becomes " a lien in like manner as judgments rendered in the District Court under this Act " (Section 44)—not a judgment of the District Court. So, also, under section two hundred and seven of the Practice Act, the filing of a transcript of a judgment docket of a District Court with the Recorder of any other county, makes it a lien upon the real estate in that county, but it does not make it a judgment of the District Court for that county. The County Clerk, as such, not the Clerk of

the District Court, is to issue the execution. (Section 44.) We do not perceive that it was contemplated that the filing of the transcript of the judgment of the Justice of the Peace with, and docketing it by the County Clerk, should make it in any sense a judgment or record of the District Court; or that the District Court obtains any possession or control over the proceedings at all, until an application is made to it based upon a proper showing for a writ of assistance.

The judgment, as before stated, must necessarily have been a money judgment only, without any order of sale, and it may be a serious question whether it is competent to authorize a writ of assistance in such cases. The judgment when docketed is a lien upon all other real estate of the party assessed, and bound by the judgment, as well as upon the property assessed in like manner as ordinary judgments in civil cases. The sale is made under and by virtue of a money judgment simply, like sales under judgments in ordinary civil cases; consequently parties who have not been heard may be turned out under the writ of assistance provided for in the Act of 1861. Writs of assistance might just as well be authorized to issue for the purpose of putting the purchaser of real estate sold under ordinary judgments in possession, upon a provision that the deed shall be conclusive evidence of title. The question might arise whether such proceedings would be by due process of law. The cases in which writs of assistance have heretofore been employed are such as determined the question of title to the specific piece of real property in that very case, or where the interest of the defendant has been directed by the judgment to be sold. All the rights of the parties have been investigated and adjudged, and the writ of assistance is a part of the process employed in enforcing the judgment itself. But this question is not presented by the record, and it is unnecessary to decide it now. The deed was improperly admitted without the proceedings upon which it was based. The facts before the Court, and the matters set forth in the notice of application, were insufficient to authorize the issuing of the writ.

Order reversed with directions to dismiss the proceeding.

SHAFTER, J., concurring specially :

I concur in the judgment on the ground that District Courts have no authority to issue writs of assistance in cases of sales upon tax judgments rendered by Justices of the Peace. The power is limited to sales on judgments and decrees rendered by the District Court to which the application for the writ of assistance is made. It is not only anomalous that one Court should be charged with the duty of carrying into effect the judgments of another, but the provision (Acts 1861, p. 453, Sec. 45,) that the Sheriff's deed "shall entitle the holder thereof to a writ of assistance from the District Court" carries with it the idea that the Legislature did not intend to confer the power to issue writs upon the District Courts at large, but upon the District Court in which the proceedings for the collection of the delinquent tax were taken.