## GEORGE W. BOLAN, Respondent, v. JAMES BOLAN et als., Appellants.

Tax Deed as Proof of Title. Under the Revenue Act of 1865, (Sec. 36) which provides that " any deed derived from the sale of real property under this Act shall be conclusive evidence of the title, except as against actual frauds or prepayment of the taxes by one not a party to the action or judgment," a tax deed, admitted to have been executed by the tax collector, was offered as of itself conclusive evidence of title : *Held*, not sufficient without proof of a judgment and order of sale.

Proof of Judgment. The record itself, or a copy of a judgment properly authenticated, is the best evidence of its existence, and the only admissible unless in case of the loss or destruction of the record.

Recitals of Judgment in Tax Deed. The recital of a judgment in a tax deed is a mere assertion by the tax collector, and can no more prove the existence of the judgment than the assertion of any other person.

Sheriff's Returns and Recitals as Proof. After a judgment has been shown and an execution therein regularly issued and placed in the hands of the proper officer, his return on the execution, and his recitals in the deed which he executes in carrying out the commands of the writ, are proof of his official acts.

Appeal from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion. The terms of admission therein referred to were " that J. F. O'Farrell, mentioned in said deed, was the tax receiver mentioned in the same, as described therein, and that he officially executed the deed as is set forth therein."

*Francis L. Aud*, for Appellant.

*Thomas E. Haydon* and *P. O. Hundley*, for Respondent.

By the Court, BEATTY, C. J.

This action was brought by the plaintiff against James Bolan and others to foreclose a mortgage. James Bolan was the mortgagor. The other defendants were made parties to the suit upon the ground that they had or claimed some interest in or lien upon the mortgaged property. The only other defendants besides the

mortgagor who were served with summons or answered in the case were Joseph and W. A. Prader. They set up a claim to the property under a tax title derived from a deed made by J. F. O'Farrell, late Tax Collector of Storey County.

After the plaintiff had closed his case the defendants, J. and W. A. Prader, introduced their tax deed, and it was admitted that J. F. O'Farrell, who executed the deed offered in evidence, was the Tax Collector of Storey County, and that he had executed the deed in his official capacity. This was all the evidence offered by the defendants, J. and W. A. Prader, and on this the Court below held that they had failed to show any title in themselves, decreed a sale of the property described in the complaint and mortgage, and the payment of the money on the mortgage debt. From this judgment the Praders appeal, and the only question to be determined is, Was their evidence sufficient to show a title in themselves to the property in dispute?

The Revenue Law of 1865 provides the manner of assessing property for taxes; and further provides for suits being brought by District Attorneys against the owners, as also against the property itself, of all real estate which remained delinquent after a certain time; makes the Civil Practice Act applicable to proceedings for the collection of taxes as far as not in conflict with the special provisions of the Revenue Act; and finally provides that " any deed derived from the sale of real property under this Act shall be conclusive evidence of the title, except as against actual frauds or prepayment of the taxes by one not a party to the action or judgment."

The first question here to be determined is, How is the Court to which a tax deed is presented to know whether it is a " tax deed derived from the sale of real property under this Act?" If it was a deed made without a judgment and order of sale, it would not be made under the provisions of the Revenue Act, for that only provides for deeds founded on judicial sales. In this case no judgment was introduced to support the deed, and the Court could have no knowledge that such a judgment ever was rendered, unless they derived that knowledge from the recitals of the deed itself. Evidently a copy of the judgment, properly authenticated, was the best evidence of its existence, and is usually the only way of prov-

ing the fact that such a judgment was rendered.    Unless in case of the loss or destruction of the record we know of no instance in which Courts have allowed other proof of the existence of a judgment.    We see nothing in the language which gives such sweeping effect to a tax deed as to dispense with the necessity of proving the existence of a judgment on which such deed is founded.    To give the broadest and most liberal construction to the effect of the statute in favor of tax deeds, it can only, we think, be held to give the same effect to such a deed against the whole world which a Sheriff's deed made under judicial sale has against the defendant in execution.

It appears to us that the mere assertions of the Tax Collector of Storey County can no more prove the existence of a judgment than could the assertions of any other person.    Where a judgment is shown by the production of the record, or an authenticated copy, and it is also shown that on that judgment an execution has been regularly issued and placed in the hands of the proper officer for enforcement, then the return of the officer on the execution, and the recitals made by him in a deed which he executes in carrying out the commands of the execution, are official acts, and the law presumes that the returns and recitals are true.    From necessity the law gives to such official acts a certain degree of confidence, and dispenses with other proof of their verity.    But there is no such confidence given to the recitals in deeds purporting to be given by public officers until it is first shown that they had an execution, founded upon a lawful judgment, authorizing the officer to act in the particular case.

A purchaser who holds a Sheriff's deed made under execution against a defendant in an ordinary action at law, cannot maintain a suit to recover land from the defendant in execution, without producing the judgment on which the execution and sale were founded. (See *Hihn* v. *Peck et al.*, 30 Cal. 280 ; *Sullivan* v. *Davis*, 4 Cal. 291.)    We do not see how one having a tax deed can be in a better position.

Nor are we without authority directly in point.    Under a similar statute—Sec. 45 of the California Revenue Act of 1861—the Supreme Court of that State, in *People* v. *Doe et al.*, (31 Cal.

220) take the same view of the question that we do. Even if we were to hold that the recitals in the deed were to be taken as true, without further proof, it would not avail the appellant in this case. The deed recites that a "suit was duly commenced and judgment recovered against the possessory claim and improvements, and execution was issued thereon." But it does not show in what Court the proceedings were instituted, whether in a Court of general or limited jurisdiction. It states no facts from which this Court can ascertain whether the Court rendering judgment had jurisdiction of the subject matter of the suit. Nor does it state to whom the execution was delivered.

The proof to substantiate the tax title was wholly insufficient, and the judgment of the Court below must be affirmed.

LEWIS, J., did not participate in the above decision.