HIBBARD AND SPENCER, PLAINTIFFS IN ERROR, v. WEIL AND KAHN, DEFENDANTS IN ERROR.

1. **Execution:** SALE: DISPOSAL OF PROCEEDS. Under the statute (civil code, Sec. 484) the money raised on an execution sale of a debtor's land can be apportioned *pro rata* only to judgment creditors of such debtor, who have executions issued during the term at which the judgments were rendered or within ten days thereafter, or where two or more executions are issued and placed in the hands of the officer on the same day, and in the latter case preferable liens shall not be affected by such apportionment.

2. ———: ———: STATUTORY CONSTRUCTION. The clause in the statute, "In all other cases, the writ of execution first delivered to the officer shall be first satisfied," must be construed as relating

to executions in the hands of the officer at the time of the sale, and not to any executions returned by the officer with or without a levy thereon.

3. ——: ——: RIGHTS OF PURCHASER. A sale upon execution vests in the purchaser all the rights of the judgment debtor to the property, but that right is subject to all liens prior to the lien of the judgment on which the execution sale is made.

4. ——: LIEN OF JUDGMENT. Under the act of February 27, 1873, (Gen. Stat., 613), the lien of a judgment, whether rendered prior or subsequent to its passage, is preserved for the period of five years after its rendition, and it is sufficient if the execution is taken out and levied at any time before the expiration of five years next after the rendition of the judgment.

ERROR from the district court for Cass county.

*Wheeler, Stinchcomb & Sprague,* for plaintiffs in error.

GANTT, J.

The facts admitted in the record of this case are, that at the April term, 1872, of the district court, the plaintiffs in error, the defendants in error and W. M. Wyeth & Co., and the St. Joseph Manufacturing Company, severally, recovered judgments against Horton and Jenks, the judgment of Weil and Kahn being also against James Clizley; that in each case the action was commenced by petition prior to said term of court; that on the second day of October, 1872, Hibbard and Spencer and the St. Joseph Manufacturing Company, severally, caused executions to be issued on their respective judgments, which were placed in the hands of the sheriff on the same day and were levied on the lands and tenements of the defendants, Horton and Jenks. These two executions were returned, and no further proceedings were had thereon. On the thirteenth day of May, 1873, Weil and Kahn and Wyeth and Co., severally, caused executions to be issued on their respective judgments, which were levied on the same lands and tenements of defendants, Horton

and Jenks, and on the thirtieth day of June, 1873, the property was sold on these two executions. The sale was confirmed without objections; but Hibbard and Spencer and the St. Joseph Manufacturing Company filed motions in the district court to have the proceeds of the sale apportioned to the four judgments of these four judgment creditors in proportion to the amount of their several judgments. The motions were overruled by the district court, and the money arising from a sale of the property was ordered to be paid to Weil and Kahn and Wyeth and Co., in proportion to the amount of their respective judgments. To this final order the other two judgment creditors excepted, and the case is now brought into this court upon petition in error.

It is contended on the part of the plaintiffs in error that the proceeds of the sale should have been apportioned to the judgments of the four judgment creditors *pro rata*, and that the district court erred in ordering the money to be paid on the judgments of Weil and Kahn and Wyeth and Co. By section four hundred and seventy-seven of the civil code, it is provided that "the lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which the judgment is rendered," except that judgments by confession and judgments rendered at the term at which the action is commenced, shall bind such lands from the day on which such judgments are rendered; and section four hundred and eighty-four provides that "when two or more writs of execution against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor shall be delivered to the officer on the same day, no preference shall be given to either of such writs; but if a sufficient sum of money be not made to satisfy all exe-

cutions, the amount made shall be distributed to the
several creditors in proportion to the amount of their
respective demands. In all other cases, the writ of exe-
cution first delivered to the officer shall be first satisfied."
The above seem to be the only cases in which the statute
authorizes the apportionment of money arising from the
sale of a debtor's land on execution, *pro rata* to judg-
ment creditors. The one is where two or more execu-
tions against the same debtor shall be issued during the
term at which the judgments were rendered, or within
ten days thereafter; the other when two or more execu-
tions against the same debtor are issued and placed in
the hands of the officer on the same day. However, in
the latter case it is provided that the law shall not be so
construed as to affect any preferable lien which one or
more of the judgments on which execution issued, may
have on the lands of the judgment debtor.

In the case at bar, no one of the executions was issued
during the term at which the judgments were rendered,
nor within ten days thereafter; and therefore, the ques-
tions raised by the contest in this case do not come
within the above provisions of the statute. The clause,
"in all other cases, the writ of execution first delivered
to the officer shall be first satisfied,"—must, in order to
harmonize it with other parts of the statute, be con-
strued as relating to executions in the hands of the offi-
cer at the time of the sale of the lands of the judgment
debtor. Such seems clearly to be the legislative intent,
as well as the only reasonable construction of the statute;
for, by section five hundred and eleven, the officer to
whom the writ of execution is directed, is required to
return the same to the court to which it is returnable
within sixty days from the date thereof; and the propo-
sition will not be questioned, that when the officer makes
return of a writ of execution, with or without a levy
thereon, it passes from his hands, and he has no author-

ity to apply in satisfaction or in part payment of such execution, any money made by him on the sale of property upon executions subsequently placed in his hands against the same debtor. Instead of so applying any money made by sale of property, upon such subsequent executions, section five hundred and seven provides, that "if there shall be in the hands of the sheriff or other officer more money than is sufficient to satisfy the writs of execution with interest and costs, such officer shall on demand pay the balance to the defendant in execution, or to his legal representatives;" and section five hundred and thirteen provides, that if such officer "shall neglect or refuse on demand made by the defendant, his agent, or attorney of record, to pay over all moneys by him received for any sale made, beyond what is sufficient to satisfy the writ or writs of execution," he shall be liable to be amerced in a certain amount for the use of the defendant.

The distribution and payment of money raised on the sale of a debtor's property upon execution, is strictly a legal proceeding and, under our code, there is no authority in the court to appropriate such money to any judgment or judgments other than those on which executions are in the hands of the officer at the time of such sale. The sale vests in the purchaser all the right of the judgment debtor to the property, but that right is subject to all existing liens which in their order of date are prior to the lien of the judgment or judgments on which the execution sale is made.

It is true the records show that Hibbard and Spencer and the St. Joseph Manufacturing Company caused executions on their respective judgments to be taken out and levied on the lands of the defendants Horton and Jenks, within one year next after the rendition of their several judgments, and that Weil and Kahn and Wyeth and Co., did not issue executions on their several judg-

ments until after the expiration of one year next after the rendition of their several judgments; but it is not necessary to consider the point made under this state of facts, for by act of February 27, 1873, it is provided, that "no judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of five years next after its rendition, shall operate as a lien upon the estate of any debtor, to the preference of any other *bona fide* judgment creditor." General Statutes, 613. This act includes all judgments, whether prior or subsequent to its passage; it preserves the lien of a judgment for the period of five years from the time of its rendition without any regard whatever to the issuance and levy of an execution. Hence it is sufficient if the execution is taken out and levied at any time before the expiration of five years next after the rendition of the judgment. The case at bar comes within the operation of this amended law, and therefore the fact that in the one case the executions were issued within one year, and in the other they were not issued until after the expiration of one year next after the rendition of the several judgments, does not in any way affect the rights of the parties in this case.

In any view of the case, under our statutory laws relating to judgments and executions, I am of opinion that there is no error in the final order made in the case by the district court, and therefore the same is

AFFIRMED.