STATE OF NEBRASKA, EX REL. JAMES E. PHILPOTT, v. ERNEST HUNGER.

Execution: SEVERAL WRITS. When two or more writs of executions against the same debtor are delivered to an officer on the same day, no preference can be given to either; if a sufficient sum of money be not made to satisfy all the executions, the amount shall be distributed to the several creditors in proportion to the amount of their respective demands. This rule applies to executions issued by justices of the peace.

ORIGINAL application for mandamus.

*James Philpott, pro se, (Lamb, Ricketts & Wilson* with him).

*A. C. Platt* and *Harwood, Ames & Kelly,* for respondent.

MAXWELL, J.

The respondent is a constable in the city of Lincoln. On the 5th of January, 1885, twenty-four executions upon separate judgments recovered before certain justices of the peace of said city against Frank L. Wilson and Thomas Dobbins were issued and placed in his hands. The aggregate amount of these executions was the sum of $2,213.48. The respondent levied the executions upon the personal property of Wilson and Dobbins and sold the same, the amount realized from said sale, after deducting the expenses, was the sum of $1,365.60. This sum the respondent was about to apply *pro rata* upon the several executions above referred to, when the relator brought this action, claiming that, as his execution was the fifth in the order in which the several executions were delivered to the respondent, and while there were sufficient funds in his hands to satisfy the same in full, therefore he is entitled to be paid the entire sum due upon his execution, and not a part thereof. The question presented is the authority of the officer to apply the proceeds of the sale *pro rata* upon the executions.

Sec. 484 of the code provides that  *  *  "when two or more writs of execution against the same debtor shall be delivered to the officer on the same day, no preference shall be given to either of said writs; but if a sufficient sum of money be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to their respective demands. In all other cases the writ of execution first delivered to the officer shall be first satisfied.

Sec. 1085 provides that "the provisions of this code which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace."

The provisions of section 484 seem to be applicable to executions issued by a justice of the peace. And that is the construction placed upon the sections in question by Judge Swan in his valuable Treatise on the Powers and Duties of Justices of the Peace (10 Ed.), 290. See also Maxwell's Practice in Justices' Courts (4 Ed.), 102.

That justice is best subserved in cases of insolvency by an equitable distribution of the proceeds of the sale of the debtor's property among his several creditors must be conceded, and the sections of the code under consideration evidently were designed to accomplish, in a degree at least, that purpose.

The rule as here stated was applied by the supreme court of Ohio in *Wilcox v. May*, 19 Ohio, 408, where separate executions were issued out of a court of record, within ten days from the close of the term at which the judgments were rendered, and were levied upon lands in another county, the judgments not being liens on said lands.

We think the respondent should apply the money in his hands *pro rata* on all the executions against Wilson and Dobbins received by him on the 5th day of January, 1885. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.