Moores v. Peycke.

FRANK E. MOORES ET AL. V. PEYCKE BROTHERS ET AL.

FILED APRIL 4, 1895.    No. 5937.

1. **Executions:** DISTRIBUTION OF PROCEEDS OF SALE. Where two or more judgments in favor of different plaintiffs and against the same defendant are entered at the same term of the district court, and executions are issued thereon during the term, or within ten days thereafter, and delivered to the sheriff, although on different days, which are levied upon the debtor's goods and chattels, the money arising from the sale under any or all of such writs, if insufficient to satisfy all the executions, must be apportioned *pro rata* among the several execution creditors.

2. ——: ——. Where two or more writs of execution against
the same debtor are delivered to the officer on the same day, in
distributing the fund raised thereon, or upon any one of such
writs, each creditor is entitled to a *pro rata* application of the
money.

3. ——: ——. In every case not enumerated above the execu-
tion first placed in the hands of the officer for service has prefer-
ence and must be first satisfied.

4. **Judgments:** TRANSCRIPTS FROM INFERIOR COURTS. The fil-
ing of the transcript of a judgment of a justice of the peace or
county court with, and the docketing of it by, the clerk of the
district court do not make it a judgment of the district court.

5. **Executions:** DISTRIBUTION OF PROCEEDS OF SALE. Two exe-
cutions were issued against H. upon judgments of the district
court during the term at which they were entered and placed
in the hands of the sheriff, who levied the writs upon the per-
sonal property of the debtor, and subsequently, at the same term
of said court, several transcripts of judgments recovered against
H. before a justice of the peace were filed in the district court,
and executions were immediately issued thereon by the clerk
and delivered to the officer, which were levied upon the same
property subject to the other levies. *Held*, That the money
raised on the sale of the property must be first applied *pro rata*
to the satisfaction of the writs first delivered to the officer, and
next to the payment of the other executions in the order of their
priority.

ERROR from the district court of Douglas county. Tried
below before FERGUSON, J.

Chas. B. Keller, for plaintiff in error, cited: *Hibbard v.
Weil*, 5 Neb., 44; *State v. Hunger*, 17 Neb., 217; *Johnson
v. Walker*, 23 Neb., 742; *Lambert v. Paulding*, 18 Johns.
[N. Y.], 312; *Marsh v. Lawrence*, 4 Cow. [N. Y.], 461;
*Davis v. Scott*, 22 Neb., 154; *Longenocker v. Zeigler*, 1
Watts [Pa.], 252; *Auerbach v. Behnke*, 41 N. W. Rep.
[Minn.], 946.

McCabe, Wood & Elmer, contra, cited: *Wilcox v. May*,
19 O., 408; *Clevenger v. Hansen*, 24 Pac. Rep. [Kan.], 61;
*Atkins' Appeal*, 58 Pa. St., 86; *Brock v. Hopkins*, 5 Neb.,

231; 2 Herman, Executions, sec. 446; *State v. Hamilton.*
29 Neb., 198; *Craig v. Governor*, 3 Cold. [Tenn.], 244;
*Blohme v. Lynch*, 2 S. E. Rep. [S. Car.], 136; *Whitman
v. Haines*, 4 N. Y. Sup., 48.

NORVAL, C. J.

This is a proceeding in error to review the order of the
district court of Douglas county distributing the moneys
arising from the sale of certain personal property upon exe-
cutions.   The facts upon which the order in question was
based are as follows : On the 1st day of June, 1892, the
Farmers & Merchants Bank of Fremont recovered a judg-
ment by confession in the district court of Douglas county
against one O. S. Higgins for the sum of $500, and on the
same day Higgins confessed judgment in the same court in
favor of D. M. Steele & Co. for $360.   An execution was
issued upon each of these judgments on the date they were
rendered and delivered to the sheriff, who levied the writs
on that day upon a stock of merchandise belonging to the
execution debtor.   Two days later Allen Bros. recovered a
judgment for the sum of $137 against Higgins before a
justice of the peace of Douglas county, and the justice im-
mediately issued an execution thereon and placed it in the
hands of the sheriff, who levied upon the same stock of
goods theretofore taken under the writs in favor of the
Farmers & Merchants Bank and D. M. Steele & Co.,
said levy being made subject to said prior executions.   No
transcript of the judgment in favor of Allen Bros. was
ever filed in the district court.   On June 3, 1892, judg-
ments were recovered against said Higgins in the justice
court of Seymour G. Wilcox, in and for Douglas county,
in favor of the following named parties, and for the
amounts stated : Peycke Bros., for $47.70 debt and $7.70
costs; R. Douglas & Co., in the sum of $101.30 and
$7.70 costs; and Sahmer-Richardson Manufacturing Com-
pany, for $20.88 debt and $7.70 costs.   On the same

day transcripts of the three last described judgments were
duly filed in the district court and executions issued
thereon by the clerk and delivered to the sheriff, and
by him on the same day levied upon the stock of
merchandise already mentioned, but in terms subject to
the levies made under the three prior executions aforesaid.
On June 6, 1892, the following judgments were recovered
before the said Justice Wilcox against said Higgins: Pitkin
Bros., $90.84; Farwell & Co., $23.38; Peycke Candy
Company, $17.25, and Pitkin & Brooks, $159.11. The
costs are not included in the above sums, the costs in each
case being $7.70. Transcripts of last named judgments
were filed in the district court on June 11, 1892, and on the
same day executions were issued thereon and delivered to
the sheriff, who forthwith levied the writs upon the stock
of goods above named, subject to the executions issued on
June 1 and June 3 respectively. The property levied upon
was advertised and sold by the sheriff on June 17, 1892,
under the executions in favor of the Farmers & Merchants
Bank and D. M. Steele & Co., for $1,105. The next day
the sheriff, after deducting the costs of sale, $142.40, re-
turned the residue of the proceeds into the district court,
paying to Frank E. Moores, the clerk of said court, the
sum of $962.60. On the same day said clerk paid to the
Farmers & Merchants Bank $502.36, being the amount of
their judgment and interest, and to D. M. Steele & Co.,
$361.99, said sum being the principal of their judgment
and interest, and after the payment of the costs in these two
cases, amounting to $16.76, there remained in the hands of
the clerk of the district court the sum of $71.49. The May,
1892, term of the district court in and for Douglas county
convened May 9, 1892, and adjourned *sine die* July 30th
of the same year. On June 20, 1892, two days after the
money had been paid out by the clerk as aforesaid, a motion
was filed in the district court in the case of Peycke Bros.
v. Higgins, praying a *pro rata* distribution of the moneys

realized from the sale of the property among all the judg-
ment creditors above referred to, excepting Allen Bros.
This motion was sustained by the court, and the clerk was
ordered to distribute the funds *pro rata* between all of the
execution creditors except Allen Bros.   To reverse this de-
cision Frank E. Moores, the clerk of the court, and the
Farmers & Merchants Bank and D. M. Steele & Co. have
prosecuted a petition in error to this court.

Under the foregoing facts the defendants in error con-
tend that no priority or preference between the eight execu-
tions issued out of the district court exists, but that the en-
tire fund was properly ordered by the court applied *pro rata*
in payment of the eight execution creditors, according to
the amount of their respective claims.

On behalf of plaintiffs in error it is urged that, as the
money arising from the sale of the property is insufficient
to satisfy the several executions, the judgments in favor of
D. M. Steele & Co. and the Farmers & Merchants Bank,
having been rendered at the same term of court and the
executions thereon having been first levied, should be first
satisfied in full before any portion of the proceeds of the
property should be distributed or appropriated to the judg-
ments subsequently rendered.

The determination of the question depends upon the con-
struction of section 484 of the Code of Civil Procedure,
which provides as follows:

" Sec. 484.  When two or more writs of execution against
the same debtor shall be sued out during the term in which
judgment was rendered, or within ten days thereafter, and
when two or more writs of execution against the same debtor
shall be delivered to the officer on the same day, no prefer-
ence shall be given to either of such writs; but if a suffi-
cient sum of money be not made to satisfy all executions,
the amount made shall be distributed to the several creditors
in proportion to the amount of their respective demands.
In all other cases the writ of execution first delivered to the

officer shall be first satisfied. And it shall be the duty of the officer to indorse on every writ of execution the time when he received the same, but nothing herein contained shall be so construed as to affect any preferable lien which one or more of the judgments on which execution issued may have on the lands of the judgment debtor."

By the foregoing section, where two or more judgments are recovered at the same term of court against the same debtor, and where there is no priority of lien, and executions are issued thereon during such term, or within ten days thereafter, and placed in the hands of the sheriff, whether on the same or different days, no preference shall be given either of said writs, but if the property levied upon is insufficient to satisfy all the executions, the money realized from the sale must be distributed or appropriated to the several execution creditors in proportion to the amounts of their respective judgments. The legislature, by the section quoted, has further provided that "in all other cases the writ of execution first delivered to the officer shall be first satisfied." In other words, in all cases where executions are not issued during the term at which the judgments are entered, or within ten days after the term, as well as where the writs are received by the officer on different days, the proceeds of the sale of the preperty must be first applied in satisfaction of the execution first delivered to the officer, and so in the order of their priority. By the last clause of the section provision is made saving the rights of preferable lien-holders, but this limitation, or proviso, applies alone to lands within the county upon which the judgment is a lien, and not to lands out of the county where the judgments were rendered, nor to goods and chattels, for upon neither of which does a judgment operate as a lien.

Section 484 was under consideration in *Hibbard v. Weil*, 5 Neb., 41, and Mr. Justice GANTT, in delivering the opinion of the court, after quoting the section mentioned,

uses this language: "The above seems to be the only cases in which the statute authorizes the apportionment of money arising from the sale of a debtor's land on execution *pro rata* to judgment creditors. The one is where two or more excutions against the same debtor shall be issued during the term at which the judgments were rendered, or within ten days thereafter; the other when two or more executions against the same debtor are issued and placed in the hands of the officer on the same day."

*State v. Hunger*, 17 Neb., 216, was where several executions issued by a justice of the peace were delivered to the officer on the same day, and it was held that the provisions of section 484 were applicable to executions issued by justice courts, and that the money realized from the sale of the property levied upon must be distributed *pro rata* among the several judgment creditors.

In the case under consideration, the judgments of D. M. Steele & Co. and the Farmers & Merchants Bank were entered at the same term of court and on the same day, and executions were issued thereon during the term and placed in the hands of the sheriff at the same time. All the other judgments were subsequently rendered in the justice court and, with the exception of the one in favor of Allen Bros., were transcripted to the district court and executions issued thereon by the clerk thereof at the same term of court the judgments in favor of the Farmers & Merchants Bank and D. M. Steele & Co. were obtained. Does the fact that transcripts of the judgments were filed in the district court and executions were issued therefrom and delivered to the sheriff at the same term the two judgments were procured authorize the applying of the proceeds of the sale in question *pro rata* upon all the executions issued out of the district court? It is obvious that the question must be answered in the negative, unless the judgments, of which transcripts were filed and entered upon the execution docket, stand upon the same footing with the judgments rendered

in the district court. We do not think such is the case. The purpose of the legislature in enacting the section of the statute we have been considering was to provide that there should be no preference in cases where two or more executions are sued out of the same court in term time or within a specified number of days thereafter on judgments rendered at the same term against the same defendant, and when there is no priority of lien. Section 561 of the Code provides for the filing of transcripts of judgments rendered by justices of the peace in the district court of the county in which the judgments were recovered. The next section makes such judgment so transcripted and filed in term time a lien upon the lands of the defendant from the date of the filing, but when filed in vacation it is a lien as against the judgment debtor from the day of filing, "and against subsequent judgment creditors from the first day of the next succeeding term, in the same manner, and to the same extent as if the judgment had been rendered in the district court." Section 563 declares that "execution may be issued thereon to the sheriff by the clerk of the court in the same manner as if the judgment had been taken in court, and the sheriff shall execute and return the same as other executions." It is plain from these provisions that the filing and docketing of such transcript does not transform the original judgment into a judgment of the district court. The statute authorizes such filing simply for the purpose of making the judgment a lien upon the real estate of the debtor and for being enforced by the issuing of execution out of the district court. (*People v. Doe*, 31 Cal., 220; *Martin v. Mayor*, 11 Abb. Pr. [N. Y.], 295.)

The transcriptive judgments of the several defendants in error not being judgments of the district court, the conclusion is irresistible that they are not proratable in the distribution of the fund in question. The clause in section 484, which provides that "in all other cases the writ of execution first delivered to the officer shall be first satisfied,"

governs and controls in making distribution of the proceeds of the sale in the case at bar.   The executions in favor of the defendants in error were not upon judgments obtained in the district court, nor were such executions placed in the sheriff's hands on the same day those in favor of the bank and D. M. Steele & Co. were delivered, but subsequently thereto; hence the writs first delivered to the officer must be first satisfied.

We have examined the three cases cited by counsel for the defendants and find them not in point.   In *Wilcox v. May*, 19 O., 408, three judgments were entered at the suit of different creditors against the same defendant in the same court, at the same term, and executions were issued during the term, but on different days, directed to the sheriff of another county, which were levied upon lands of the debtor.   The money arising from the sale being insufficient to satisfy all the writs, it was decided that it must be distributed *pro rata* among the three execution creditors. To the same effect is *Clevenger v. Hansen*, 24 Pac. Rep. [Kan.], 61.   In *State v. Hunger*, 17 Neb., 216, twenty-four executions were issued upon separate judgments obtained in different justices' courts and placed in the officer's hands on the same day.   It was held that the proceeds of the sale should be applied *pro rata* upon the several executions.   The question we have been considering was not involved in any of the cases above referred to.   The order of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.