FRANK BARRY, APPELLANT, V. KENNETH D. HORTON, APPELLEE.

FILED NOVEMBER 10, 1931. No. 27892.

*William Niklaus* and *John E. Mockett,* for appellant.

*Burkett, Wilson, Brown, Wilson & Van Kirk, Sterling F. Mutz* and *F. J. Patz, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

MESSMORE, District Judge.

This is an appeal from the action of the district court for Lancaster county overruling a motion to confirm an execution sale had upon a judgment at law and sustaining objections to the confirmation of such sale.

The facts disclose that upon the 7th day of August, 1929, Frank Barry, appellant, recovered a judgment in the sum of $305.40 against Kenneth D. Horton, appellee, in the municipal court of Lincoln, Lancaster county, and on the 8th day of August, 1929, a transcript of said judgment was filed in the office of the clerk of the district court for said county and recorded in the execution docket; that at the time of the filing and recording of said judgment appellee Kenneth D. Horton was the owner in fee simple of lot 3, block 13, Martin Heights Addition to Lincoln, in said county, against which there was of record a mortgage in favor of the American Savings & Loan Association in the sum of $3,700, which was duly filed and recorded in the office of the register of deeds of Lancaster county on the 25th day of April, 1929. There were also two mechanics' liens of record, one in favor of the Holland Lumber Company in the sum of $1,345.93 and one in favor of the Reimers-Kaufman Company in the sum of $150.04, both of which were first liens against the real estate above described.

On August 10, 1929, the Holland Lumber Company filed its petition in the district court for Lancaster county against Kenneth D. Horton et al. to foreclose its mechanic's lien. In June, 1929, the United States Supply Company filed its mechanic's lien with the register of deeds of said county and on the 9th day of September, 1929, filed its petition in the district court for Lancaster county against the said Kenneth D. Horton to foreclose said lien. By order of said court the said two actions were consolidated and known as Holland Lumber Company v. Kenneth D. Horton. The American Savings & Loan Association was made a defendant in said actions and filed its answer and cross-petition in said action as consolidated for the purpose of foreclosing its mortgage bond of $3,700. A decree was

entered in said action on the 9th day of June, 1930, by the terms of which it was decreed that the Holland Lumber Company had a lien against said property in the sum of $1,345.93 and that the Reimers-Kaufman Company had a lien against said property in the sum of $150.04, both of which were first liens as against said property, and by order of the court the bond and mortgage of the American Savings & Loan Association were left undetermined because service had not been obtained by said association upon the defendant Kenneth D. Horton; that thereafter said property was sold under the terms of said decree by the sheriff of Lancaster county to the Holland Lumber Company and the Reimers-Kaufman Company, which companies later duly conveyed said property to said association, said association paying therefor to the Holland Lumber Company the sum of $1,369.43 and to the Reimers-Kaufman Company the sum of $152.66; that there was due said association from the said Kenneth D. Horton on the mortgage aforesaid the sum of $3,838.38 with interest thereon at the rate of 10 per cent. per annum from January 1, 1930, which was a lien against said property subject only to the liens of said Holland Lumber Company and the Reimers-Kaufman Company. The judgment creditor, Frank Barry, was not made a party to the foreclosure proceedings above set out.

On October 8, 1930, Frank Barry, the judgment creditor, caused an execution to be issued out of the district court for Lancaster county, directing the sheriff to levy upon the real estate above described. Accordingly, the sheriff levied upon said real estate, which was advertised for sale as provided by law and sold on November 11, 1930; the said Frank Barry bidding $171 for the same.

On November 12, 1930, a motion to confirm said sale was filed in behalf of the said Frank Barry in said court. The American Savings & Loan Association filed objections to the confirmation of sale, setting up that the property heretofore described was theretofore sold at a judicial sale under an order of court in the case entitled "Holland Lumber Company v. Kenneth Horton," the sale being on liens

on which there was due $1,495.97 which were prior to the lien of the said Frank Barry, and that thereafter the purchasers at said sale transferred their interests in said property under said decree to said association, which is now the owner and holder of said property; that said association had set up its bond and mortgage by cross-petition in that action, showing the sum due it to be $3,838.38, which lien is a prior lien to the lien of the said Frank Barry; that said action of the Holland Lumber Company v. Kenneth Horton was left open for further determination of the amount due said association, it having failed to obtain service on the said Horton, the mortgagor; further objecting, said association sets up that there is an action pending in the district court for Lancaster county to determine the rights of the said Frank Barry and to compel him to redeem from the liens set up in case of Holland Lumber Company v. Kenneth Horton, and upon failure to redeem to have the title quieted in said association as against the lien of the said Frank Barry; further objecting to the confirmation of sale, said association states that the property involved herein was not, at the time of the sale and the issuance of the execution herein, subject to sale as the property of the defendant Horton, the title to said property having divested from the said Horton prior to the time of the issuance of the execution herein; that the sheriff had no authority to sell said property under execution, as it did not belong to the said Horton; that the said Horton had no interest in said property, and that the American Savings & Loan Association is entitled to be subrogated to the rights of its mortgage and the mechanics' liens.

The court below overruled the motion to confirm the sale and the judgment creditor, Frank Barry, appeals.

From this statement and history of facts the question raised by appellant is whether or not he lost his right to enforce his judgment lien by execution and levy because of the foreclosure proceedings and the acquisition of title to the property by the American Savings & Loan Association after the attachment of the judgment lien.

On August 8, 1929, when the transcript of the judgment

of the judgment creditor, Frank Barry, was filed in the office of the clerk of the district court for said county, the lien of his judgment then attached. Prior to that lien were two mechanics' liens and a mortgage, all of record.

On October 8, 1930, when the execution on appellant's judgment was ordered out, we find that the Holland Lumber Company and the Reimers-Kaufman Company had foreclosed their liens, their actions for such foreclosures having been consolidated in one action, and that said lienors had purchased the property in question for the amounts of their liens. Subsequently said lienors conveyed their interests in the property to the American Savings & Loan Association, the association paying therefor the amounts of said liens. Therefore, the association had the record title, with the fact that Frank Barry, the judgment creditor, was not made a party to the foreclosures of the mechanics' liens.

"The right of a judgment creditor to take out an execution on his judgment is a substantial right; and this right can only be taken away or suspended by some act, suit or proceeding for this purpose in compliance with law." *Halmes v. Dovey*, 64 Neb. 122.

Had said judgment creditor been made a party to the foreclosures of the mechanics' liens, his judgment lien would have been subsequent to said liens and the mortgage of the American Savings & Loan Association. The fact that he was not made a party to such foreclosures does not in any sense expunge or do away with the prior liens against the property in so far as the judgment creditor is concerned. The judgment creditor had the right to issue out an execution on his judgment and sell any interest the judgment debtor may have had in the property subject to all prior liens. The real estate was not sold on execution sale in behalf of the judgment creditor subject to all the prior liens thereon.

In case of *Hibbard v. Weil & Kahn*, 5 Neb. 41, this court said: "A sale upon execution vests in the purchaser all the rights of the judgment debtor to the property, but that right is subject to all liens prior to the lien of the judgment on which the execution sale is made." This has been the law of this state for many years.

In the objections of the American Savings & Loan Association to the confirmation of sale, we find that said association had started an action in said district court against appellant Frank Barry, judgment creditor, to require him to redeem said property from said liens or have the title to said premises quieted in the association as against the said Barry. This action we will not discuss nor the rights of the parties thereunder.

We are committed to the rule, as heretofore set out, that a judgment creditor has the right to take out an execution on his judgment and under it to sell the property and take whatever interest the judgment debtor may have therein by virtue of said sale under execution, provided the property was sold under execution subject to all prior liens thereon. In this case under the execution sale the property was not sold subject to the prior liens thereon and the trial court was correct in refusing to confirm the sale thereunder. The judgment of the trial court is therefore

AFFIRMED.