AMERICAN SAVINGS & LOAN ASSOCIATION, APPELLEE, v. FRANK BARRY ET AL., APPELLANTS.

FILED JULY 12, 1932. No. 28260.

*William Niklaus* and *J. E. Mockett*, for appellants.

*Burkett, Wilson, Brown, Wilson & Van Kirk, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

This is an appeal from a decree requiring appellants, Frank Barry and Mabel J. Horton, to redeem certain real estate from rights of the appellee association, and, upon failure to redeem, ordering title quieted in the appellee. The decree enjoined appellants from selling on execution two of the properties.

The facts are all stipulated. On the 7th day of August, 1929, the appellant Frank Barry recovered two judgments against Kenneth D. Horton, in the municipal court of Lincoln, Lancaster county, one judgment in the sum of $305.40 and the other in the sum of $1,000, and on the 8th day of August, 1929, transcripts of said judgments were filed in the office of the clerk of the district court for said county.

On August 26, 1926, the appellant Mabel J. Horton recovered a judgment against Kenneth D. Horton in the district court for Frontier county, Nebraska, in the sum of $500, a transcript of which judgment was duly filed

in the office of the clerk of the district court for Lancaster county on August 29, 1929.

On the dates that the several transcripts were filed, Kenneth D. Horton was the owner of the following described real estate in Lancaster county, Nebraska: Lots two (2) and three (3), block thirteen (13), Martin Heights Addition to Lincoln, Nebraska; block four (4) of Lemon's subdivision of the east half of the southwest quarter, section sixteen (16), township ten (10), range seven (7). These properties will be referred to herein as lot 2, lot 3 and block 4.

Against each of these properties were recorded mortgages in favor of the American Savings & Loan Association and also certain mechanics' liens, all of which were recorded prior to the transcripts of the said judgment creditors.

On the 10th day of August, 1929, and two days subsequent to the filing of the transcripts in the office of the clerk of the district court by the defendant Frank Barry, as above set forth, one of the said mechanic lien holders, to wit, the Holland Lumber Company, filed a separate foreclosure suit on its lien against each of the above described properties and made the said American Savings & Loan Association a party defendant, and on the 9th day of September, 1929, another of said mechanic lien holders, to wit, U. S. Supply Company, filed separate foreclosure on its mechanic liens upon each of the said properties and made the said American Savings & Loan Association defendant. Later by order of the court the two cases against the said properties were consolidated. Frank Barry and Mabel J. Horton, appellants here, were not made parties to any of the foreclosure cases. (The petition in the instant case alleges that this occurred through "inadvertence and mistake.") Decrees were entered foreclosing the mechanic liens and the mortgages of the American Savings & Loan Association in the actions involving said lot 2 and block 4 and the American Savings & Loan Association became the purchaser and

received sheriff's deeds therefor. In the action involving lot 3 a decree of foreclosure was entered as to the mechanics' liens, but not as to the mortgage of the American Savings & Loan Association, because the answer and cross-petition of the American Savings & Loan Association had not been filed until after answer day and no service thereafter had been made upon Kenneth D. Horton, the holder of the fee title. The decree expressly provided that the matter was left open as to the rights of the American Savings & Loan Association. Thereafter the said property was sold at sheriff's sale to the mechanic lien holders above referred to and by them conveyed to the American Savings & Loan Association.

The American Savings & Loan Association went into possession of all the properties, advertised the same for rent and sale, collected the rents and profits and treated the same as its own. And as to block 4, it sold and conveyed said property by warranty deed to a party in no way connected with any of the proceedings, and the purchaser went into possession of said property.

On October 8, 1930, Frank Barry caused an execution to be issued out of the district court for Lancaster county upon a præcipe directing the sheriff to levy on each of the three properties above described. Accordingly, said levy was made and the properties advertised, as provided by law, to be sold at 2 o'clock p. m. November 11, 1930, at the east door of the courthouse in Lancaster county, and said lot 3 was sold under said execution to the judgment creditor, Frank Barry, and the district court refused to confirm the sale. Barry appealed and at the time of trial, July 16, 1931, the appeal was pending. November 10, 1931 the action of the district court was affirmed by this court. *Barry v. Horton*, 122 Neb. 20.

On November 10, 1930, the American Savings & Loan Association filed its petition in the instant suit, and obtained a restraining order restraining the sheriff from selling lot 2 and block 4 under the execution sued out by Frank Barry. The petition prayed that the several

mortgages of the association and the mechanics' liens which were found to be prior to the mortgages be considered, as between the plaintiff and defendants here, as in full force as liens prior to the judgment liens of defendants; that the defendants Frank Barry and Mabel J. Horton be required to redeem or be enjoined from asserting rights against said properties, and that the titles be quieted in plaintiff.

The parties stipulated also that the plaintiff, its. officers and attorneys, had only such constructive notice as the records of Lancaster county afforded and had no actual knowledge of the judgments until after the completion of the foreclosure proceedings and a few days prior to the filing of this petition; and that the judgments are unpaid except that $200 was applied on Barry's judgment by reason of a sale of property not involved here.

When Barry caused the real estate to be sold on his execution November 11, 1930, and bid it in for $171, the district court refused to confirm the sale. On appeal, this court affirmed the judgment because, for one reason, the real estate was not sold subject to all the prior liens. The court knew of this suit then pending in the district court but declined to discuss the rights of the parties thereunder. *Barry v. Horton*, 122 Neb. 20. In that opinion the court cited *Hibbard v. Weil & Kahn*, 5 Neb. 41, and quoted therefrom: "A sale upon execution vests in the purchaser all the rights of the judgment debtor to the property, but that right is subject to all liens prior to the lien of the judgment on which the execution sale is made." Following this quotation this court said: "This has been the law of this state for many years."

When transcripts of Barry's two judgments were filed in the district court on August 8, 1929, and Mabel J. Horton's transcript of judgment was likewise filed on August 29, 1929, each, by operation of law, became a lien upon all real estate in the county belonging to Kenneth D. Horton, as of the day of filing. If these judgment creditors had thereupon duly levied and sold the real

estate they would have been entitled to sell subject to liens prior to theirs and to have their liens paid out of the proceeds if the property sold to a third party for enough to satisfy their liens. If they had been made parties to the foreclosure suit of then prior liens of record their liens would have ranked in the same order. The solution of the matter requires a decision as to whether, in the light of all the facts, these prior liens have been extinguished in law and equity and whether the judgments of the appellants thereby have become liens of such standing on the properties that an execution sale thereunder will divest the appellee of its title as owner of the fee.

Appellants' argument is that the liens that formerly were prior to theirs were extinguished by merger and that the plaintiff holds the title subject to the lien of their judgments. Appellee insists that equity will not permit the adoption of such a rule in the circumstances shown in this case.

The general rule is: "Whenever a greater and a less estate coincide and meet in one and the same person, without any intermediate estate, the less is immediately annihilated; or in the law phrase it is said to be merged." 21 C. J. 1033. "In equity, the rules of law as to merger are not followed, and the doctrine of merger is not favored. Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties, whether expressed or implied." 21 C. J. 1034. "Whether the two estates will be held to have coalesced will depend upon the facts and circumstances in the particular case, the then intention of the party acquiring the two estates, and the equities of the parties to be. affected." *Peterborough Savings Bank v. Pierce,* 54 Neb. 712. "It will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself." *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9. "In equity, however, the legal rule of

merger is not always followed, and the question whether the legal rule will be applied depends upon the facts and circumstances of each particular case." *Citizens State Bank v. Petersen,* 114 Neb. 809. We cite these cases, not because the facts are identical with those at bar, but to show that the exceptions to the hard legal rule as to mergers have been recognized in this court; and that, in determining whether a merger has taken place, the court will consider the circumstances of the particular case in the light of equity and good conscience.

Appellants have cited other Nebraska cases which follow the legal rule and either make no mention of the exception to which we have called attention or find that the facts under consideration do not defeat merger.

In the case of *Institute B. & L. Ass'n v. Edwards,* 86 Atl. 962 (81 N. J. Eq. 359) it was held: "Where a prior mortgage was released and a new one executed for the same debt, but owing to negligent search intervening judgments were not discovered, the mortgagee was entitled to be restored to the lien of its canceled mortgage as against the judgment creditors; they not having changed their position to their prejudice." The text of the opinion discusses and cites many authorities sustaining the principles announced in the syllabus which we have quoted. See, also, *Parker v. Tout,* 207 Cal. 590; *Louisville Joint Stock Land Bank v. Bank of Pembroke,* 225 Ky. 375.

The judgment creditors, Barry and Mabel J. Horton, who obtained their judgment liens just after the foreclosure suit was started, either stood by awaiting a chance to improve their positions or, without knowledge of the pending foreclosure, now seek to profit by an extinguishment of liens prior to theirs at the time theirs was perfected. They paid no consideration for such a benefit. None of their original rights will be abridged, nor will their original position be changed to their prejudice by denying merger as the district court denied it. The chief purpose of our recording statutes is to protect

from financial loss innocent purchasers and incumbrancers who have changed their position to their detriment without notice, actual or constructive, of prior liens, incumbrances and conveyances. Appellants ought not to use this shield as a sword. "The negligence of complainant in failing to procure proper searches should * * * be thus considered with reference to its effect on the rights of others, and so considered cannot be properly regarded as that type of culpable negligence which appropriately affords a bar to equitable relief"—citing cases. *Institute B. & L. Ass'n v. Edwards,* 81 N. J. Eq. 359, 367, 368.

Appellants object to the use of injunction in this action where they say the appellee had an adequate remedy at law to test priorities. The gist of the action was to quiet title as against the judgments and the injunction was ancillary thereto in order that matters might be held as they were. Under section 76-401, Comp. St. 1929, the court had jurisdiction, particularly by virtue of the words, "and canceling unenforcible liens, or claims against, or which appear to be against, said real estate, and quiet the title to real estate." When the former statute was repealed, most of these words were inserted as new matter. Laws 1921, ch. 130, sec. 1. The statute, by section 9 of this chapter, specifically requires the cause to be tried as other equitable actions. All parties were before the court and it had complete jurisdiction to make whatever injunctive orders were necessary to prevent appellants from proceeding at law until the rights of the parties were adjudicated.

The decree of the district court responded to the demands of equity in finding that merger did not take place contrary to the intention and interest of appellee and in favor of intervening judgment claimants who are now appellants. The right to redeem ordered by the decree protected the rights of appellants. That right to redeem as to the respective properties is hereby extended to the appellants, to be exercised at any time before the issu-

ance of the mandate. With this extension of the right to redeem, the judgment of the district court is

AFFIRMED.