SUE L. RUGGLES *et al.* v. JOHN CLARE.

1. DEED — *Estate upon Condition.* A deed will not be construed to create an estate upon condition, unless the language to that effect is so clear that no room is left for any other construction.

2. ————— *An Absolute Conveyance.* A warranty deed that does "hereby sell and convey unto R., to have and to hold to the said R. and to his heirs forever," an undivided half of a tract of land "in consideration of clearing the whole of all taxes now due, and tax claims of all kinds for which the land has been sold, or is now subject to sale," is an absolute conveyance, and on its delivery vests title in the grantee, and is not a deed upon condition precedent or subsequent.

*Error from Lyon District Court.*

EJECTMENT. The facts are fully stated in the opinion.

*W. A. Randolph,* and *Ed. S. Waterbury,* for plaintiffs in error.

*L. B. Kellogg,* and *T. N. Sedgwick,* for defendant in error.

Opinion by SIMPSON, C.: This was an action of ejectment, and for the rents, issues and profits of the southwest quarter of section 27, township 15, range 12, in Lyon county, commenced August 7, 1885, by John Clare, as plaintiff, against these plaintiffs in error and one Frederick Bolin, as defendants. Bolin was an occupant claiming under a void tax deed. His answer was a general denial; and the judgment which was finally rendered in the case, at the October term, 1887, was: First, against Bolin and in favor of Clare for the recovery of the land, but that Clare be not let into possession until he should refund the taxes which Bolin had paid, with interest as provided by the statute in such cases, and should pay the value of Bolin's improvements, less the value of his use and occupation; second, against Bolin and in favor of the plaintiffs in error for an undivided half of the land, but that they be not let into possession until they had refunded to Bolin one-half the taxes he had paid, with interest, etc., and one-half of the value of his improvement less one-half of the value

of his use and occupation; the value of the improvement and the use and occupation in both cases to be afterwards determined. The answer to the petition by the defendants Ruggles, filed August 19, 1885, consisted of two divisions or counts, the first being a special denial. The second count of their answer commences, "And for a second and further defense and cross-petition against the plaintiff and against their said co-defendant Frederick Bolin," and sets up their claims to an undivided half of the land as heirs of R. M. Ruggles, deceased, under a deed therefor, made by the plaintiff Clare to said R. M. Ruggles, on the 26th day of March, 1873, and in the life-time of said R. M. Ruggles, and alleges that Clare and Bolin deny their said right and unlawfully keep them out of possession, and asks judgment for possession accordingly. To this defendant Bolin filed answer September 5, 1885, consisting of general denial.

On the 16th day of September, 1885, Clare filed a "reply to that portion of the answer of the defendants Ruggles, described as a second and further defense, and numbered second;" which reply is in two divisions or counts, the first count being a denial, and the second count commencing, "And plaintiff further replying says," and sets out a copy of the deed from Clare to R. M. Ruggles under which these plaintiffs in error claim, and alleges a breach on the part of Ruggles in the conditions on which the conveyance was made, and a failure of the consideration therefor, and a forfeiture of title accordingly. To the second count of this reply of Clare, the defendants Ruggles filed a reply consisting of a general denial, but this was afterward withdrawn by consent and the Ruggles heirs filed a demurrer instead to the second count or division of the plaintiff's reply, upon the ground that the same did not state facts sufficient to constitute a defense to their claim as stated in the second count of their answer. On the hearing of this demurrer, July 19, 1886, the court sustained the demurrer; and afterward plaintiff dismissed the cause as to the defendants Ruggles, and took time in which to file an amended "reply." Clare's amended reply to the second count of the answer of

the defendants Ruggles was accordingly filed on the 13th day of September, 1886, and it was word for word the same as the original reply, except that the amended reply contained these words which were not in the original reply, to wit: "Plaintiff further avers that the estate of R. M. Ruggles is wholly insolvent and nothing whatever can be collected of it." This amended reply was in turn demurred to by the defendants Ruggles, upon the same ground as was the original reply, but this time the demurrer was overruled, to which due exception was taken.

On the 28th day of January, 1887, the defendants Ruggles filed a reply to the amended reply of Clare, treating their answer as a cross-petition and the amended reply of Clare as an answer to it, and thus the pleadings stood at the final trial, which took place on the 26th of October, 1887. The trial was by the court without a jury. At the conclusion of the evidence touching the question of title, the following proceeding was had:

"The court having announced the intention of taking the case under advisement, it was in open court agreed by all parties, that if the judgment should be against the defendant Bolin, upon the issues of the title, the amount to be refunded and paid to him for improvements, less the value of his use and occupation of the premises as provided by statute in such cases, if the court should adjudge him entitled thereto, should be determined and ascertained in the manner provided by statute after the final judicial determination of the question of title in the district court; or if said cause should by either party be carried for review to the supreme court within a reasonable time, then after such determination under the proceedings in the supreme court; and thereupon the [district] court took said cause under advisement."

On the 9th of February, 1888, the court announced and made its findings of fact in writing, as follows:

"1. A patent in due form was duly issued by the government of the United States on the 1st day of August, 1860, to this plaintiff, John Clare, whereby he became the owner of the land in question, being the land located by John Clare, as assignee of Catherine Fike, of military land warrant No.

82162, issued under the military bounty act of congress of March 3, 1855.

"2. On the 15th day of February, 1865, the county clerk of Lyon county, Kansas, issued to L. D. Bailey a tax deed, purporting to convey said land to L. D. Bailey, based upon the sale of the land to him for the delinquent taxes of 1860 and payment of the subsequent taxes of 1861 and 1862, and which deed was recorded in the office of the register of deeds of said county on the 10th day of July, 1865.

"3. On the 1st day of April, 1871, the county clerk of said county issued a tax deed in due form for said land to S. H. Dodge, based on the sale of 1866, for the delinquent taxes of 1865, to L. D. Bailey, and the assignment of the sale certificate by him to Dodge, which deed was duly acknowledged, and on the 20th day of April, 1871, duly recorded in the office of the register of deeds of said Lyon county.

"4. On the 26th day of March, 1873, this plaintiff, John Clare, with his wife, Susan A. Clare, duly executed and delivered a deed of the conveyance of the undivided one-half of said land to R. M. Ruggles, which deed having been, on the 15th day of April, 1873, duly acknowledged, the same was, with due certificate of the acknowledgment thereof, duly recorded in the office of the register of deeds of said Lyon county, Kansas, on the 19th day of April, 1873, which deed is in words and figures following, to wit:

"'Know all men that John Clare, of the city of Covington, county of Kenton and state of Kentucky, for and in consideration of the payment of all back taxes now due on the land herein described, and the redemption of the same from all tax claims of all kinds, and the clearance of that *half* of the same not hereby conveyed from all taxes now due and tax claims for which the said land may have been sold for and now due, and for which it is now subject to sale, does hereby sell and convey unto R. M. Ruggles, of Emporia, Kansas, the following real estate, to wit:

"'The undivided one-half of the southwest quarter of section number 27, in township 15, range 12, containing one hundred and sixty acres, being the land located by John Clare, January 11, 1859, upon military land warrant No. 82162, in the name of Catharine Fike, as shown by the record in the register's office at Lecompton, Kansas; said land warrant was issued under the military bounty act of March 3, 1855.

"'The undivided one-half is hereby conveyed to said R. M. Ruggles, in consideration of clearing the whole of all taxes now due and tax claims of all kinds for which *said* land has been sold and is now subject to sale, together with the appurtenances thereto belonging, to have and to hold the same to the said R. M. Ruggles, his heirs and assigns forever; the grantor hereby covenanting that the title so conveyed is unincumbered, and that he will warrant and defend the same against all claims whatsoever.

"'In witness whereof, the said John Clare, together with Susan A.

Clare, his wife, who hereby relinquish all right of expectancy of dower in and to the land hereby conveyed, have hereunto set their hands and seals this 26th day of March, 1873.     JOHN CLARE.
                                                     SUSAN A. CLARE.'

"5. On the 15th day of April, 1873, R. M. Ruggles commenced an action in the name of John Clare, as plaintiff, against Solomon H. Dodge, as defendant, in the district court of Lyon county, state of Kansas, for the possession of the land in question. The defendant therein, S. H. Dodge, duly appeared and answered, denying the plaintiff's title and defended therein, and upon the final trial offered in evidence the tax deed described in paragraph numbered 2 of these findings, in connection with a subsequent deed duly executed and acknowledged and recorded, of the conveyance of said land by L. D. Bailey to him, said Dodge, and said Dodge likewise gave in evidence and put in issue the validity of two other tax deeds, to wit: The deed described in paragraph numbered 3 of these findings, and a tax deed in due form, issued and acknowledged by the county clerk of said county on the 30th day of October, 1874, and on the 31st day of October, 1874, duly recorded in the register of deeds' office of said county, of the said land to S. H. Dodge, based on the sale of said land in 1871 to him for the delinquent taxes of 1870, and payment of the subsequent tax of 1871; and it was duly admitted on said trial that said land was vacant and unoccupied, and final judgment was duly rendered therein on the — day of May, 1876, upon the general verdict of the jury in favor of said John Clare and against said Solomon H. Dodge for the recovery of said land, together with his costs therein, taxed at $37.35, and that he should not be let into possession of said land until he paid to said Dodge $348.26, as and for the taxes which said Dodge as the holder of the aforesaid tax deeds had paid on said land, and the interest, costs and charges thereon; said sum of $348.26 constituted the back taxes on said land at the time of and mentioned in said deed from Clare to Ruggles, with the accumulated costs and interest thereon, and said judgment for back taxes remains wholly unsatisfied on the records of said court.

"6. Said R. M. Ruggles was an attorney at law, and had the executive charge, care and labor of the conduct of the litigation described in paragraph numbered 5 of these findings in behalf of said Clare from the commencement to the end; that said R. M. Ruggles died intestate on or about the 24th day of April, 1879, leaving the defendant Sue L. Ruggles, his

widow, and the defendants Robert and Willie Ruggles, his children, who are his only heirs; and the claims against said R. M. Ruggles, deceased, exceeded the assets of his estate.

"7. On the 24th day of August, 1880, the county clerk of said Lyon county duly executed, acknowledged and delivered a tax deed of the land in question to J. M. Steele, which deed was on the same day duly recorded in the office of the register of deeds of said county, which deed is based on the sale of said land on the 7th day of September, 1875, and the first Tuesday of September, for the delinquent taxes of 1874, to the county for the want of bidders, and subsequent assignment of the sale certificate by the county clerk to L. A. Wood, and by him to said J. M. Steele; a copy of said tax deed is hereto attached marked 'Exhibit A,' and made a part hereof. The notice, and only notice given by the county treasurer of the sale of land in the year 1875 for delinquent taxes, stated that such sale would be on the 3d day of September, and the first Tuesday of that month, in 1875, and no notice whatever was given of the meeting of the county board of equalization for the year 1874, and no meeting of said board was held in that year, except upon the 11th day of July, 1874. Subsequent deeds purporting to convey said land, and duly conveying all the interest of the respective grantors therein, have been duly executed, acknowledged and delivered, as follows: By said J. M. Steele and his wife to S. B. Riggs, and by said S. B. Riggs and his wife to Frank Edwards, and by said Frank Edwards and his wife to this defendant, Frederick Bolin, which last deed is dated on the 31st day of July, 1883, and recorded on the 13th day of December, 1883, up to which time said land had never been entered upon or actually occupied by anybody, and none of these defendants, except Bolin, ever took actual possession of said land, the same being vacant and unoccupied up to that date, and thereupon said Frederick Bolin took possession, and has since paid taxes and made lasting and valuable improvements thereon. The said Frederick Bolin with his wife did on the 4th day of October, 1886, duly execute, acknowledge and deliver a mortgage of said land to the Kansas Lumber Company, to secure a therein-recited and still-subsisting indebtedness of said Frederick Bolin of $224.95, with twelve per cent. interest from October 4, 1886, for lumber and material used in building and improvements on the land in question, and said mortgage still subsists and is undischarged.

"8. On the 13th day of July, 1885, Solomon H. Dodge

for a consideration of $25 duly executed, acknowledged and delivered his quitclaim deed to the land mentioned in the petition to this plaintiff, John Clare, which deed so acknowledged was, on the 1st day of August, 1885, duly filed and recorded in the office of the register of deeds of Lyon county, Kansas.

"9. On or about the 1st day of August, 1885, T. N. Sedgwick, acting as the attorney and agent of John Clare, requested the defendant Sue L. Ruggles to procure and deliver a quitclaim deed of herself and Robert and Willie Ruggles, defendants, of the undivided half of the land in question to said John Clare, for which he offered to pay the sum of $50.

"10. On the 27th day of January, 1887, the defendants Sue L., Robert and Willie Ruggles tendered the plaintiff, John Clare, $29 to cover the consideration of the above mentioned quitclaim deed from Dodge to Clare, with 7 per cent. interest from the date thereof to the date of tender, and the cost of procuring the same and recording, which sum they have brought into court to keep said tender good, and are still ready and willing to pay."

### "CONCLUSIONS OF LAW.

"1. That said tax deed to J. M. Steele is void, and the claim of title of the defendant Frederick Bolin thereunder is invalid, but said Bolin is entitled to have his taxes paid thereunder, with charges and interest as allowed by law, refunded; also the value of his lasting improvements, less damages by waste, if any, and of the rents and profits as provided by the occupying claimant's law, all to be hereafter ascertained, the same to be first applied to the discharging of said mortgage given by said Bolin on said land, and the excess to be paid to him.

"2. The plaintiff ought to recover his costs as against the defendants."

At the time said deed was given to said Ruggles, Clare's title was incumbered by tax deeds and taxes then due, and for which said land had been sold or was subject to sale, as follows: A tax deed dated February 15, 1865, and recorded July 10, 1865, for the delinquent taxes of 1860, '61 and '62; a tax deed "in due form," dated April 1, 1871, and recorded April 20, 1871, for the delinquent taxes of 1865; also, a tax-sale certificate for the delinquent taxes of 1870 and 1871,

upon which a deed in due form was issued on the thirteenth day of October, 1874, and recorded October 31, 1874, all of which tax deeds and claims were held and owned by one Solomon H. Dodge.

On the 15th day of April, 1873, R. M. Ruggles, as attorney for this plaintiff commenced an action against Dodge in the district court of Lyon county for the recovery of said land. Dodge defended in said action under all the above tax deeds; and in May, 1876, judgment was rendered in favor of Clare for possession of the land and costs, "but that he should not be let into possession until he paid to said Dodge $348.26 as and for the taxes which said Dodge, as the holder of the aforesaid tax deeds, had paid on said land." The court in this case found that said $348.26 constituted the "back taxes" on the land at the time of the deed from Clare to Ruggles, the only proof of which is the inference from what has been here stated. This court also found that "said judgment for back taxes remains wholly unsatisfied on the records of said court." The clerk testified on this trial that he had examined the records and papers of that case, and found no memoranda or entry of payment or satisfaction; his testimony was the only evidence whether said sum has been paid or not, and the record contains all the evidence. Said R. M. Ruggles died intestate and insolvent, April 24, 1879, leaving these plaintiffs in error his only heirs. The land in question was always vacant and unoccupied until the 31st day of July, 1883, when Bolin took possession under a tax deed based on the tax sale of 1875 to his grantors through whom he claimed in this action. On the 13th day of July, 1885, Solomon H. Dodge quitclaimed this land to Clare for $25, and the deed was duly recorded August 1, 1885. It was agreed in open court by all the parties —

"That the defendants, Sue L. Ruggles, Robert Ruggles and Willie Ruggles, tendered to the plaintiff, John Clare, $29 on the 27th day of January, 1887, to cover the consideration of the above last-named quitclaim deed from Solomon H. Dodge to Clare, with 7 per cent. from the date thereof to the date of

tender, and the cost of procuring and recording the same, which sum they have brought into court to keep said tender good, and they are still ready and willing to pay the same."

The parties complaining here are Mrs. Sue L. Ruggles and her children, Robert and Willie Ruggles. Bolin does not bring up his branch of the case. The contention on the part of the plaintiffs in error is, that the warranty deed executed by Clare and wife to R. M. Ruggles during his life-time is an absolute conveyance; an executed grant, not expressing or subject to any condition, precedent or subsequent; and, if this is so, then that Clare could only pursue such remedies as were applicable to the contract relations growing out of the undertaking of Ruggles to clear the land of taxes and from clouds on the title. In this action no such remedy is pursued, but the claim of Clare for redress is based upon the supposed fact that the conditions upon which the conveyance was made have never been performed by Ruggles, and hence there was a total failure of consideration and the deed is void.

Clare's petition was an ordinary one in ejectment. The plaintiffs in error answered, setting up the conveyance by Clare and wife to R. M. Ruggles, for the undivided half of the land described in the petition of Clare. To this answer Clare replied, admitting the execution of the deed to Ruggles for an undivided half, but alleged that Ruggles failed, neglected and refused to pay the back taxes and to remove the tax liens, etc., as he was required to do by the conditions of the deed, and that said deed was and is void. To this reply a demurrer was filed by the plaintiffs in error, and this demurrer was sustained by the court, and thereupon Clare dismissed the action as to these plaintiffs in error, but Clare filed an amended reply to the answer of the plaintiffs in error, by leave of the court; this amended reply was a copy of the original, except that there was added an allegation that when Clare was first apprised of the failure of Ruggles to pay all back taxes on said land to divest it of all tax liens, he immediately rescinded the contract, and demanded from the heirs of Ruggles a reconveyance to him of the undivided half of

the land.   To this amended reply the plaintiffs appeared and filed a demurrer that was overruled by the court, and to which ruling due exceptions were saved.   Then the amended reply of Clare to the answer of the plaintiffs in error was considered as an answer to a cross-petition of the plaintiffs in error, and they filed a reply to this amended answer, denying generally and specifically the allegations therein, and all parties went to trial in this condition of the pleadings.   We suppose that the errors really complained of by the plaintiffs in error are the ruling on their demurrer to the reply of Clare and the judgment for costs against them.   The controlling question is whether the deed from Clare and wife to Ruggles is an absolute conveyance.   We think it vested in Ruggles an absolute title to one-half of the land.   In the absence of fraud, the consideration expressed in the deed cannot be impeached, contradicted or varied for the purpose of invalidating the deed.   In the case of *Johnson v. Town Co.*, 14 Kas. 391, it was sought to show, to invalidate the deed, that the instrument was not to be considered a deed until certain things were done by the grantee and other parties, and that none of the conditions had been fulfilled.   The court say that such evidence is inadmissible; and the court further say, "that a deed apparently fully executed and acknowledged and delivered to the grantee, to become an absolute deed upon some condition, is not in escrow, but is immediately a deed absolute."

In *Curtis v. Board of Education*, 43 Kas. 138, this court say, referring to the deed in that case:

"There are no words in the deed stating that the estate was or should be conveyed upon condition; or that it might be forfeited under any circumstances whatever; or that the estate might under any circumstances revert to the grantors or their heirs; or that they might under any circumstances ever have the right to reënter the premises.   Nor was the estate conveyed, or to be continued in existence upon any such terms as 'provided' or 'if' something in the future should be done or not done, or happen or not happen.   Indeed, there is nothing sufficiently strong in any part of the deed or in the whole deed

to indicate that the estate was conveyed or intended to be conveyed upon any condition either precedent or subsequent; but taking the whole deed together, it shows that an absolute estate in fee simple was intended to be conveyed, and was conveyed, and was to continue in the grantees forever. The authorities are uniform, that estates upon condition subsequent, which, after having been fully vested may be defeated by a breach of the condition, are never favored in law, and that no deed will be construed to create an estate upon condition, unless the language to that effect is so clear that no room is left for any other construction. See the case of *Packard v. Ames,* 16 Gray, 327, and other cases cited in the opinion."

1. Estate on condition, not favored.

This ruling establishes the deed from Clare and wife to R. M. Ruggles as an absolute conveyance to him of one-half of the land in controversy. This leaves Clare to his other remedies against the estate of Ruggles. We do not think that the fact of the insolvency of the Ruggles estate, that was established on the trial, varies the rule, or makes the deed dependent on any subsequent performance by Ruggles. It follows from this, that the court erred in overruling the demurrer to the reply of Clare, and that the judgment against the plaintiffs in error was wrong.

2. An absolute conveyance.

It is recommended that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.