FLORENCE A. MOFFITT, APPELLANT, V. ED M. WILLIAMS, APPELLEE.

FILED APRIL 13, 1928. No. 26144.

*Craft, Edgerton & Fraizer,* for appellant.

*J. H. Grosvenor, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and HOWELL, JJ., and LANDIS, District Judge.

HOWELL, J.

This is an appeal from the denial of specific performance of a contract for the sale of real estate. The plaintiff, Florence A. Moffitt, agreed in writing to sell 120 acres of Hamilton county land to Ed M. Williams, and to give a "good title of record" therefor. She held title under a deed from her father and mother dated September 24, 1902, containing the usual granting and warranty clauses, with a special provision as follows: "This deed shall be void if grantee deeds to any party except her heirs or their heirs." The granting clause reads, "do hereby grant, bargain, sell, convey and confirm unto Florence A.

Gray" (now Moffitt) the lands described. The covenants of seisin, against incumbrance, right to sell, and to defend the title, run to Florence A. Gray (Moffitt) and "her heirs and assigns." The trial court denied specific enforcement solely upon the ground that Florence A. (Gray) Moffitt could not give a merchantable and "good title of record" by a direct deed to Ed M. Williams, because of the provision making the deed from her father and mother void if she "deeds to any party except her heirs," etc.

The parties to this action are friendly and neither want their contract enforced unless Florence A. Moffitt can convey a good title by her deed. Counsel for neither party has cited a case exactly in point. The sole question is: What effect, if any, is to be given to the provision making the deed to Florence A. Moffitt void if she deeds to another than "her heirs or their heirs," it being in the nature of a forfeiture or restraint of alienation? The deed put the fee title in the grantee. Rigidly construed, Florence never could deed to any one, for, as long as she lives, she has no heirs; at least, they may not now be known. 29 C. J. 290, sec. 6, note 22. "Heirs" answer to persons at the death of an ancestor or testator. *Hill v. Hill,* 90 Neb. 43. The deed does not say at what time or under what law, whether existing or to be enacted, her heirs are to be determined. Should she have a child or children, and if it or they should die leaving heirs in the persons of their children, Florence could deed to the heirs of her deceased children because the heirs of her heirs would be known, unless the children of the deceased children at once step in and become her immediate heirs. Such a puzzle might be extended under varying conditions to render the provision so uncertain and meaningless as to be unenforceable. If Florence may not deed to any one, it may well be said the provision is void, either as being repugnant to the grant, an illegal restraint as to alienation, or for want of terms of reversion of title upon the happening of a condition subsequent, which very condition is prohibited in spirit. It does not seem reasonable that a deed once

valid can be rendered void by direction of the grantor who has conveyed all his interest to another, in the property conveyed, reserving nothing to himself. Section 5591, Comp. St. 1922, provides, all of a grantor's interest passes with his deed unless the contrary intent is shown by its terms. The grantor made a covenant with Florence "and with her heirs and assigns." He parted with the fee and lost control over directing its future. The provision is neither a condition precedent, or condition subsequent with a reversion attached. It is against public policy. It falls out of the deed by its own weight and is made incapable, by self-divestment. The law favors fixed titles and abhors forfeitures. At most the clause in question is a condition, a breach of which would not cause the estate to revert to any one, by express terms. The rule most directly applicable to the matter before us seems to be well stated in 18 C. J. 337, sec. 336d, as follows: "Where an estate in fee simple is granted to a person by proper and sufficient words, a clause in the deed which is in restraint of alienation is void and will be rejected."

As supporting the text many cases are cited, a few of which are: *Graves v. Wheeler,* 180 Ala. 412; *Walker v. Shepard,* 210 Ill. 100; *Kessner v. Phillips,* 189 Mo. 515; *Hill v. Gray,* 160 Ala. 273; *Diamond v. Rotan,* 58 Tex. Civ. App. 263.

The practical effect of the condition is to deny the grantee power to deed or alienate, if strict construction be the rule; and we think it is, unless it defeats the intention of the grantor, when construing the instrument as a whole. The deed is made void if the grantee deeds to any one but heirs. Who the heirs are to be cannot be determined until the grantee dies. There being no heirs, so long as the grantee lives, she can never convey. The clause does not recognize a right in the grantee to select one or more persons in being who may, or may not, be an heir or heirs, at her death. It says "her heirs" (plural) "or their heirs." Suppose grantee deeds to one of her children who dies before grantee dies, would her deed be void *then,* or become

void *later* on, upon her death, for the reason that the deceased child was not an heir when the deed was made, nor at her death? The clause generates much non-sense.

As will be observed, the deed does not limit the title in grantee to her life and thereafter cast it elsewhere. So far as the language of the deed speaks, it affects merely the title of the grantee. It first gives her the fee and secondly undertakes to take it away, if she should deed it contrary to grantor's wish, without fastening it elsewhere. *Grant v. Hover*, 103 Neb. 730, announces a principle applicable to the case before us in this language: "It has been regarded by the courts that it is impossible to convey an absolute title to real estate in fee simple by deed or will, and at the same time in the same instrument convey to the same person a limited right or title in the same land. It therefore follows that when there was an attempt to do so, and no other disposition of the land was made in the will, the courts, on the theory that real estate must have an owner, rejected the attempt to convey the limited title, and treated the conveyance as of a fee simple title."

Syllabus 1 of that case reads: "The settled rule of law is that, if a deed or will conveys an absolute title in fee simple, an inconsistent clause in the instrument attempting merely to limit that title or convey to the same person a limited title in the same land will be disregarded."

In *Yates v. Yates*, 104 Neb. 678, 683, it is said, quoting from a Kansas case, "to vest the fee in the grantee, but to disable him from alienating it," cannot be done, "and the attempted restriction is ineffective." As stated at page 684, in the *Yates* case: "The tendency of the rule in Shelley's case is to prevent estates from being held in abeyance and to throw land into commercial channels one generation sooner."

At the oral argument counsel for both parties stated their willingness, in fact desire, to perform the contract if the title to the land as it stands is good in law, so far as the clause discussed is concerned. This being a trial *de novo*, in which this court may finally determine the law in such

manner as to remove any doubt as to the title, we dispose of the case by decreeing specific performance as prayed in plaintiff's petition. We are not unmindful of the discretion of trial courts in cases of this character; and that, ordinarily, they will not decree performance as to a title "if there be doubt or uncertainty about it sufficient to form the basis of litigation." *Shonsey v. Clayton*, 107 Neb. 695. We say this in justice to the learned judge who denied the decree in the court below and whose views, as to the clause in question, were much the same as those expressed by this court. For the reasons stated, the decree of the lower court is reversed, with instructions to enter a decree to conform to this opinion. As both parties have properly conducted this litigation in good faith, each will be left to pay their own costs, unless they otherwise agree.

REVERSED.