NEBRASKA NATIONAL BANK OF MINDEN, APPELLANT, V. JOSEPH S. BAYER ET AL., APPELLEES.

FILED JUNE 16, 1932. No. 28215.

*C. P. Anderbery,* for appellant.

*J. L. McPheely, contra.*

Heard before Goss, C. J., Rose, Dean, Eberly, Day and Paine, JJ., and Ryan, District Judge.

Dean, J.

The Nebraska National Bank of Minden, hereinafter referred to as the plaintiff bank, began this action in the district court for Kearney county to foreclose two certain mortgages executed jointly by Joseph S. Bayer and Amelia C. Bayer, husband and wife, in favor of the Minden State Bank, and by such bank assigned to the plaintiff bank.

Thomas Bayer, the father of Joseph S. Bayer, one of the defendants herein, died testate April 20, 1924, and, among others, his will contains this provision, namely:

"I give, devise and bequeath to my son Joseph Bayer (subject to my wife's life interest) the southeast quarter of section 6, township 6 north, range 14 west, Kearney county, Nebraska, to have and to hold as long as he lives. He shall not mortgage nor sell the same as long as he lives, and at his death it is my will that it be divided equally between his children."

Mrs. Thomas Bayer, the mother of the defendant Joseph S. Bayer, died February 20, 1931, and, pursuant to the terms of her will, the defendant was bequeathed a one-third interest in and to certain property, including the north half of the southwest quarter of section 5, township 6, range 14, in Kearney county.

The record discloses that on May 1, 1925, after the death of his father, Joseph S. Bayer and his wife executed a note for $8,300, with interest coupons attached, payable to the Minden State Bank and, as security therefor, they executed a mortgage deed in favor of the bank whereby they conveyed their "right, title and interest" in and to the real estate bequeathed to Joseph S. Bayer by his father, and in which the defendant had a life interest only.

The record also discloses that on or about April 13, 1926, and before the death of Mrs. Thomas Bayer, the defendants were unable to pay certain interest coupons then due on the $8,300 note, and they therefore executed a real estate mortgage as additional security therefor, and, included therein, was the tract of land then owned by Mrs. Bayer, and in which the defendant is described as having a "contingent or fee simple interest." Both of the above mortgages were assigned May 8, 1929, to the plaintiff Nebraska National Bank by the Minden State Bank.

On February 28, 1931, and after the death of Mrs. Thomas Bayer, the defendants herein executed a warranty deed in favor of the First National Bank of Minden whereby they conveyed their interest in and to the land devised by Mrs. Bayer to the defendant.

Upon submission the court found and decreed that, under the terms of Thomas Bayer's will, the defendants herein were without power to alienate or incumber the life estate devised to Joseph S. Bayer, and that the mortgage executed by them in favor of the plaintiff bank was a void instrument. And in respect of the real estate mortgage executed as additional security by the defendants in favor of the plaintiff bank, the court found that Joseph S. Bayer did not own an interest in the land described therein at the time such mortgage was executed and that the mortgage was therefore void. But in respect of the deed executed by the defendants in favor of the First National Bank, the court decreed that such deed was valid, for the reason that it was executed after the death of Mrs. Thomas Bayer, and that it conveyed the fee simple title therein to the bank. The plaintiff, Nebraska National Bank, has appealed.

The first question which appears to demand our attention is whether the testator, Thomas Bayer, had the right to limit the power of his son Joseph S. Bayer to mortgage the life interest devised to him by his father. The argument of counsel for the plaintiff bank, in substance, is that the limitation clause contained in the will is invalid,

and that it is "so clearly contrary to public policy that no reasonable decision has ever been disclosed" in a like case.

Under section 76-109, Comp. St. 1929, provision is made that it shall be the duty of the courts to carry into effect the true interest and intent of the parties, so far as such intent can be ascertained from the whole instrument, and so far as such intent is consistent with the rules of law.

In putting into effect the provisions of section 76-109, above cited, we have held:

"No particular words, no conventional forms of expression, are necessary to enable one to make an effective testamentary disposition of his property. The court, without much regard to canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it." *Weller v. Noffsinger*, 57 Neb. 455. See, also, *Grant v. Hover*, 103 Neb. 730, and *Krause v. Krause*, 113 Neb. 22.

And in *Weller v. Noffsinger, supra,* we also held:

"A condition that the devised property shall not be aliened or incumbered by the beneficiary, or liable for his debts, during the existence of the trust estate, is valid and enforceable."

In *Hiles v. Benton*, 111 Neb. 557, where the life use of certain property was devised to his son by the testator, "without power and authority to sell, mortgage, or to in any manner alienate said use for any purpose," we held that such provision was effectual to prevent the devisee from voluntarily conveying or incumbering the property there in question. And in *Reuter v. Reuter*, 116 Neb. 428, where a deed was executed conveying certain land, but with the provision therein that the grantee shall not convey nor incumber such land, and that upon her death the land was to vest in. her children, we likewise held that the deed conveyed only a life estate to the grantee, with the remainder in fee to her children. See, also, *Kluge v. Kluge*, 103 Neb. 534; *Peters v. Northwestern Mutual Life Ins. Co.*, 119 Neb. 161.

It is the duty of the court in a case of this nature to ascertain from the will the true intent of the testator in the disposition of his property, and where such intent is found to be consistent with the rules of law, it will be upheld. The will of Thomas Bayer clearly discloses that his intention was to convey to his son Joseph the use of the property in question so long as he lived, subject to Mrs. Thomas Bayer's interest, and that, upon the death of his son, the property should vest in Joseph's children share and share alike. In view of the facts, and of our former decisions in like cases, we adhere to the proposition that the senior Bayer had the right to limit the power of his son to mortgage the life interest in the property so devised to him by his father. It therefore follows that the court did not err in holding that the mortgage executed herein on the property devised to Joseph S. Bayer, and in which he had a life use only, is void.

The next question for determination is whether the mortgage executed as additional security on the note and covering the land then owned by Joseph S. Bayer's mother is valid.

As noted above, the mortgage contains the statement that it purports to convey all of the defendants' "contingent or fee simple interest" in the land in question. Mrs. Thomas Bayer was then living, and her son had a mere expectancy in the title. To permit the mortgaging of a future expectancy might be to set a dangerous precedent. It has been held:

"A naked possibility or contingency not founded upon a right or coupled with an interest cannot be assigned or sold. Therefore the expectancy of a son to inherit his father's estate is not the subject of assignment or sale, and a contract therefor is not enforceable either at law or in equity upon the father's death." *McCall's Admr. v. Hampton,* 98 Ky. 166. To substantially the same effect are *Alves v. Schlesinger,* 81 Ky. 290; *Hunt v. Smith,* 191 Ky. 443; *Bennett v. Harrison,* 115 Minn. 342; *In re*

*Thompson's Estate,* 26 S. Dak. 576; and *Avon State Bank v. Commercial & Savings Bank,* 49 S. Dak. 575.

We conclude that the mortgage executed in favor of the plaintiff bank wherein the defendants purport to convey all their "contingent or fee simple interest" in the land then owned by Mrs. Thomas Bayer, and who was not at that time divested of the title therein, is void.

The deed executed by the defendants in favor of the First National Bank, after the death of Mrs. Thomas Bayer, however, is a valid conveyance.

The judgment is right and it is in all things

AFFIRMED.