VICTOR H. WATSON ET AL., APPELLANTS, V. CHARLES S. DALTON ET AL., APPELLEES.

18 N. W. 2d 658

FILED MAY 11, 1945. No. 31832.

*McKillip, Barth & Blevens* and *W. A. Meserve,* for appellants.

*W. Keith Peterson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is an action by plaintiffs, appellants, to quiet title to certain lands in Knox County, Nebraska, obtain an accounting for rents thereof, and the partition of such real estate. The petition sets forth plaintiffs' claims as above recited in three separate causes of action. The issues were complete but at the trial evidence was adduced only upon the first cause of action wherein plaintiffs prayed that they each, excepting their respective spouses, be decreed to be the owner of an undivided one-sixteenth interest, and defendant Charles S. Dalton the owner of an undivided one-half interest, in the property. By agreement, trial of the second and third causes of action was deferred pending decision of the first which, if against plaintiffs, would be decisive of the other two.

The trial court, in conformity with its written findings and memorandum opinion filed therein, entered its decree finding generally for defendant Charles S. Dalton. The decree quieted title to all of the property in him, dismissed plaintiffs' first cause of action, and continued their second and third causes of action until further order of the court. The cross-petitions of defendants Rosell A. Watson and

Miles W. Watson, children of a deceased uncle of Fern M. Dalton, deceased, were also dismissed but they did not appeal or cross-appeal. The plaintiffs appealed to this court contending, in effect, that the judgment of the trial court is contrary to law and not sustained by the evidence. We find that these contentions cannot be sustained.

There are only questions of law presented for decision. The facts are not in dispute. One Addie E. Watson, a widow, for a consideration of $1 and other valuable considerations conveyed different parcels of real estate, each of which is particularly described in plaintiffs' petition, to her daughter Fern M. Dalton by two deeds, each dated February 11, 1936, and recorded June 25, 1936. Each of the deeds contained identical restrictive provisions, except the restrictive provision in one was for 5 years and in the other for 12 years. The provision in the former is, "The grantor reserves unto herself the use of said premises during her life time and further as a part of the consideration for the execution of this deed the grantor restricts the grantee for a period of 5 years from this date, from selling or mortgaging said premises or in any manner during said period from placing or causing to place a lien of any kind against said premises. To have and to hold the premises above described, together with all the Tenements, Heriditaments and Appurtenances thereunto belonging unto the said Fern M. Dalton and to her heirs and assigns forever. * * * And the said Addie E. Watson, widow hereby relinquishes all her right, title, and interest in and to the above described premises, subject to the conditions above stated." There were no clauses in the deeds expressly providing for reentry, termination, reverter, or limitation over.

Thereafter, but before the conditions were broken or the restrictions violated, the mother, Addie E. Watson, died, and in short form administration proceedings the county court entered its decree of heirship adjudging that her daughter, Fern M. Dalton, grantee in each of the restrictive deeds, was her sole and only heir at law. From this decree no appeal was taken.

By quitclaim deed dated August 5, 1940, Fern M. Dalton conveyed to her husband, defendant Charles S. Dalton, all of the property previously conveyed to her by her mother. Thereafter on October 2, 1940, Fern M. Dalton died, leaving a will which was duly admitted to probate by the county court, from which no appeal was taken. By the will she devised and bequeathed all her real and personal property to her husband. The probate proceedings in her estate were all complete except for decree of distribution and final decree, which were withheld pending decision of this case. Therein the heirs of Fern M. Dalton were adjudged to be her husband, defendant Charles S. Dalton, and eight aunts and uncles who are the plaintiffs in this case.

The question involved is the legal effect of the two restrictive clauses contained in the deeds from Addie E. Watson to Fern M. Dalton. The answer to this question depends primarily upon the character of the estate conveyed.

As stated in 33 Am. Jur., sec. 10, p. 469: "The rule is well settled in the modern law that if the instrument is not testamentary in character and passes a present interest although enjoyment of the fee is postponed, a grantor may, in a conveyance, either specifically or by language which by construction brings about the same result, reserve to himself a life estate in property in which the fee is granted." Therefore, it must be conceded in the case at bar that there was an effective reservation by the grantor, Addie E. Watson, of a life estate in the premises which in itself did not prevent the passing of the fee to the grantee, Fern M. Dalton, but only postponed the enjoyment thereof.

This court recently held in *Majerus v. Santo,* 143 Neb. 774, 10 N. W. 2d 608: "Where the owners of an interest in real property convey the same but by agreement contained in the instrument of conveyance retain an interest in the premises such interest will support the imposition of a restriction on alienation where it is reasonably necessary to protect the interest retained." A statement of the factors to be considered in determining the reasonableness of restrictions on alienation in such cases will be found in Re-

statement, Property, sec. 406, p. 2406. In the instant case the grantor retained a life estate in the property and imposed a restriction upon the grantee of the fee conveyed which we find under the circumstances presented was reasonably necessary to protect the interest retained. We believe that the record could not sustain any other conclusion.

However, a decision that the restrictions were valid limitations does not solve the matter. That is only an introduction to the problem. The final solution in this case depends upon the character of the estate conveyed and the unusual circumstances presented.

The trial court found that the grantee, Fern M. Dalton, received a fee simple title subject to a condition subsequent. We believe that conclusion to be correct. "The term 'condition subsequent' denotes that part of the language of a conveyance, by virtue of which upon the occurrence of a stated event the conveyor, or his successor in interest, has the power to terminate the interest which has been created subject to the condition subsequent, but which will continue until this power is exercised." Restatement, Property, sec. 24, p. 59. More simply stated, "Conditions subsequent are such as by the failure or nonperformance of which an estate already vested may be defeated," by an exercise of the power of termination. 26 C. J. S., sec. 141, p. 467.

While conditions subsequent are not favored in the law no particular words are necessary to create them in a deed, although such conditions must be fairly expressed and apt, and sufficient words employed. The intention of the parties must be clearly expressed importing that the estate is to depend upon a contingency provided for but it must be gathered from the entire instrument and the contract must be construed according to its terms especially where there are express words used. 26 C. J. S., sec. 141, p. 468. In this connection, it is generally held that a forfeiture clause or a provision for re-entry or termination is not required or necessary for the validity of a condition subsequent. A condition, the breach of which is good ground in equity for cancelling the conveyance of which it is a part, will be held to

be a condition subsequent unless there is something in the instrument showing a contrary intent. 26 C. J. S., sec. 141, p. 471, sec. 142, p. 475.

As stated in Restatement, Property, sec. 45, p. 140: "In an otherwise effective conveyance, the phrase 'upon express condition that' usually indicates an intent to create an estate in fee simple subject to a condition subsequent, even when no express clause for re-entry, termination or reverter accompanies it * * * ." An equivalent phrase, "subject to the conditions above stated," was used in both the deeds here involved. Other pertinent and significant factors which may also be considered in determining whether a limitation is couched in appropriate words to manifest the intent of the grantor to create a power of termination, are the nature of the event specified in the limitations, their importance to the grantor in protecting the estate retained, the consideration recited or actually paid, the relation of the parties, and the purposes of the conveyance. Restatement, Property, sec. 45, pp. 137-143.

In view of all the language employed in the deeds, and other factors presented here, we conclude that the grantor, Addie E. Watson, intended to and did transfer to Fern M. Dalton, grantee, a fee simple title, subject to a condition subsequent, of all the property described in the two original deeds.

In Restatement, Property, sec. 24, p. 59, the statement is made that, "Whenever an estate subject to a condition subsequent is created, some person has the power to terminate this estate upon the occurrence of the stipulated event. Thus such an estate does not end automatically and by expiration * * * . On the contrary, it is cut short, or divested, if, but only if, the person having the power chooses to exercise it. This option to terminate an estate upon breach of a condition subsequent is referred to in this Restatement as a 'power of termination'." See, also, 26 C. J. S., sec. 147, p. 482.

We turn then to the question, who has the power to terminate? Under circumstances similar to the case at bar.

it is the general rule that nonperformance of a condition can be taken advantage of only by the grantor and his heirs, or by the grantor and his legal representatives. The benefit of a condition or breach thereof cannot be availed of by a stranger, by a person who has no present right, legal or equitable, to the part reserved. 26 C. J. S., sec. 148, p. 482, sec. 157, p. 496. Since there were no provisions in the deeds for reversion or limitation over, the conditions were promissory restraints and personal to the grantor to protect her life estate. Therefore, the right of "re-entry for condition broken" or, "the power of termination" is not any estate in land but a mere right or chose in action, merely a right or power to terminate the estate of the grantee if there were a breach of condition. It is the rule that the death of the creator of an estate subject to a condition subsequent does not extinguish the power to terminate for condition broken but the right to take advantage of it passes to his heirs because they enforce the condition in the right of the ancestor. 33 Am. Jur., sec. 208, p. 688, sec. 209, p. 689. Whether such right can be devised is not an issue in this case.

Bearing these rules in mind, we call attention to the fact that plaintiffs are admittedly not the heirs of the grantor, Addie E. Watson, but are the heirs of the grantee, Fern M. Dalton, who was the sole heir of the grantor. Therefore, there could be no termination of title except at the election of the grantor or the grantee, her sole heir. The grantor having died before condition broken, her life estate was extinguished or merged in the title of the grantee. The grantee's enjoyment of the fee was then no longer postponed and as sole heir the power of termination passed to her.

It is affirmatively stated in Restatement, Property, sec. 423, p. 2465: "An otherwise valid restraint or alienation ceases to exist * * * in the case of a promissory restraint or a forfeiture restraint in the form of a condition subsequent, upon a union of the power to enforce the restraint and the interest so restrained in the same person; * * * ." This statement is on all fours with the case at bar, and governs its decision, for the reason that: "Whenever a restraint has

been terminated by the happening of events at or prior to the time of the alleged violation, one against whom enforcement is sought has a defense to that enforcement." Restatement, Property, Introductory Note to Chapter 31, p. 2456.

Other interesting questions of law were ably presented in the briefs of counsel but we do not deem it necessary to discuss them. We conclude that the trial court properly held that plaintiffs could not prevail in this action, and rightly quieted the title of Charles S. Dalton to all the real estate described in plaintiffs' petition.

For the reasons stated herein the judgment of the trial court is affirmed.

AFFIRMED.

The following opinion on motion for rehearing was filed November 16, 1945. *Former opinion vacated in part; judgment affirmed.*

20 N. W. 2d 610

FILED NOVEMBER 16, 1945.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The plaintiffs brought this action in the district court for Knox County to obtain a decree and judgment determining their respective interests to certain lands located therein, and to quiet title thereto in them, and for an accounting of the rents and partition of the land. This appeal involves only the first cause of action, the second and third causes of action being deferred pending decision of the first.

The material facts are not in dispute, and in substance are as follows:

On February 11, 1936 Addie E. Watson, widow, was the owner of certain lands in Knox County, Nebraska, and on said date she conveyed by warranty deeds to Fern M. Dalton, her daughter and sole and only heir at law, such lands. The deeds were duly recorded on June 25, 1936. The first deed set forth in the first cause of action contained the following restrictions: "The grantor reserves unto hereself the use of said premises during her life time and further as a part of the consideration for the execution of this deed the grantor restricts the grantee for a period of 5 years from this date, from selling or mortgaging said premises or in any manner during said period from placing or causing to place a lien of any kind against said premises." The second deed contained like restrictions, with the exception that the

period was for 12 years. On August 5, 1940, Fern M. Dalton and Charles S. Dalton, husband and wife, executed and delivered to Charles S. Dalton a quitclaim deed to all such real estate. This deed was filed of record November 25, 1940. On August 9, 1940, Fern M. Dalton made and executed her last will, and in paragraph 2 thereof, gave, devised and bequeathed to her husband, Charles S. Dalton, all of her property, both real and personal, wherever situated, to be his absolutely, forever.

The heirs of Fern M. Dalton consist of Charles S. Dalton, her husband, and eight uncles and aunts. The uncles and aunts were not heirs of Addie E. Watson, deceased. Addie E. Watson died intestate a resident of Knox County on May 28, 1936, and on January 17, 1941 a short form of administration proceedings was had and decree of heirship rendered, adjudging her daughter, Fern M. Dalton grantee in each of the deeds, as her sole and only heir. Fern M. Dalton died October 2, 1940. No appeal was taken from the final decree entered in the county court of Knox County in the matter of the estate of Addie E. Watson, deceased, and no appeal was taken from the decree of the county court of Knox County admitting the will of Fern M. Dalton to probate. There were no clauses in the deeds expressly providing for re-entry, termination, reverter or limitation over. The habendum clause contained the language, "subject to the conditions above stated."

The trial court dismissed the plaintiffs' petition and dismissed the cross-petition of certain defendants, the children of a deceased uncle of Fern M. Dalton who predeceased her in death. These cross-petitioners did not appeal nor cross-appeal. The court quieted title to the real estate in Charles S. Dalton as against each and all parties thereto. Motion for new trial was filed, submitted and overruled. The plaintiffs appeal.

Plaintiffs will hereafter be referred to as appellants and defendants as appellees.

First, the appellants in their motion for rehearing direct this court's attention to our former opinion *ante* p. 78, 18

N. W. 2d 658, wherein we held that the restrictions on alienation contained in the deeds made and executed by Addie E. Watson to Fern M. Dalton, constituted a condition subsequent.

"The term 'condition subsequent' denotes that part of the language of conveyance, by virtue of which upon the occurrence of a stated event the conveyor, or his successor in interest, has the power to terminate the interest which has been created subject to the condition subsequent, but which will continue until this power is exercised." Restatement of the Law, Property, s. 24, p. 59.

Estates on condition subsequent are defined in 19 Am. Jur., Estates, ss. 62, 63, 65, pp. 522, 523, 526, as follows: "Conditions subsequent are those which in terms operate on an estate conveyed or devised and render it liable to be defeated for breach of condition. The title passes to the grantee, subject to divestiture on failure to perform the condition. * * * While no precise form of words is necessary to create a condition subsequent, still it must be created by express terms or by clear implication so as to leave no doubt of the grantor's or devisor's intention. * * * While the use of technical words appropriate to the creation of a condition or of an express provision for re-entry and forfeiture is not an absolute prerequisite to the creation of a condition subsequent, the failure to use them, or to use other language clearly indicating the creation of such condition subsequent, is an important consideration as indicating the absence of an intention that the estate conveyed shall be restricted by such a condition." See, also, 26 C. J. S., Deeds, s. 141, p. 468.

In *Majerus v. Santo,* 143 Neb. 774, 10 N. W. 2d 608, this court quoted with approval from *Ruggles v. Clare,* 45 Kan. 662, 26 P. 25, the following: "The authorities are uniform, that estates upon condition subsequent, which, after having been fully vested may be defeated by a breach of the condition, are never favored in law, and that no deed will be construed to create an estate upon condition, unless the language to that effect is so clear that no room is left for any other construction."

The grantor, Addie E. Watson, failed to provide for an express provision for re-entry, termination or forfeiture. She apparently did not intend to terminate the estate granted if the restrictions on alienation were violated.

Within the conception of the cited authorities, we deem the language as used therein does not permit the creation of a condition subsequent, and we were in error in so holding. We conclude the language in the deeds in controversy constitutes a restriction on alienation.

The appellants contend that the restrictions on alienation as contained in the deeds of Addie E. Watson to Fern M. Dalton are valid and effective; that the deed and devise by will of Fern M. Dalton to her husband each contravened and violated the restrictions within the limitation of the restrictive period as contained in the deeds, and that each were ineffective to convey title. In this connection, the appellants assert that the restrictions contained in the aforesaid deeds are reasonable and are valid in Nebraska, citing *Peters v. Northwestern Mutual Life Ins. Co.*, 119 Neb. 161, 227 N. W. 917, and *Blochowitz v. Blochowitz*, 130 Neb. 789, 266 N. W. 644, and further state that the rule announced in the cited cases was reaffirmed in *Majerus v. Santo, supra*. The latter case reviewed several of our previous decisions on the subject matter here involved, setting forth that in *Peters v. Northwestern Mutual Life Ins. Co., supra*, the will devised to the son a fee simple title with a restriction against alienation until the devisee became 35 years of age, the restraint was held to be a reasonable restraint and valid; and also that we held in *Hiles v. Benton*, 111 Neb. 557, 196 N. W. 903, *Nebraska National Bank of Minden v. Bayer*, 123 Neb. 391, 243 N. W. 115, and *Drury v. Hickinbotham*, 129 Neb. 499, 262 N. W. 37: " * * * when the estate in fee does not pass, but a lesser estate is created, then provisions against alienation are valid."

The rule announced in *Majerus v. Santo, supra,* is as follows: "Where the owners of an interest in real property convey the same but by agreement contained in the instrument of conveyance retain an interest in the premises, such

interest will support the imposition of a restriction on alienation where it is reasonably necessary to protect the interest retained."

This brings us to the restrictions contained in the deeds made and executed by Addie E. Watson. It is not questioned that in the instruments there was an effective reservation by the grantor of a life estate in the premises. Assuming.it was reasonably necessary to protect this life estate by the restrictions and the same were reasonable within the contemplation of the authorities cited by the appellants and the rule announced in *Majerus v. Santo, supra,* we are convinced that from an analysis of the following facts and the law hereinafter set forth and pertinent thereto, it is unimportant whether the restrictions on alienation were reasonable or necessary to protect the life interest.

It will be noted that Addie E. Watson died intestate on May 28, 1936; Fern M. Dalton was her sole and only heir at law; when the original conveyances were made by Addie E. Watson to Fern M. Dalton, Fern M. Dalton became vested with the fee containing restrictions on alienation; the purpose of the restrictions was to protect the interest of the grantor; that interest was a life estate which she retained; upon the death of Addie E. Watson, Fern M. Dalton also became possessed of a lesser estate, the life estate; she became possessed of both estates. There appears no reason why the lesser estate should not merge in the greater estate, and no reason why the two estates should remain separate and distinct. There would be no reason for non-merger, there were no intermediate estates. See *Peterborough Savings Bank v. Pierce,* 54 Neb. 712, 75 N. W. 20.

"The doctrine of merger of estates is that whenever a greater and a less estate meet in the same person without an intermediate estate the less is immediately annihilated." 31 C. J. S., s. 123, p. 141, and Nebraska cases cited under note 74.

"Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties * * * ." 31 C. J. S., s. 124, p. 144. See, also,

*Anderson v. Lincoln Joint Stock Land Bank*, 131 Neb. 150, 267 N. W. 355; *American Savings & Loan Assn. v. Barry*, 123 Neb. 523, 243 N. W. 628; *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207, 55 N. W. 643.

We conclude that the life estate, being the lesser title, merged with the greater in the same person, Fern M. Dalton, without an intermediate estate, and that the restrictions on alienation became extinct. This being true, the conveyance made by Fern M. Dalton to her husband on August 5, 1940, and the will made August 9, 1940, effectively convey to the husband a fee simple title in the premises.

The following is likewise pertinent to a determination of this case:

"A fee simple estate is one by which a tenant holds lands, tenements, or hereditaments to himself and his heirs forever. The terms 'fee,' 'fee simple,' and 'fee simple absolute' are substantially synonymous. * * * an estate of inheritance without condition, belonging to the owner, and alienable by him or transmissible to his heirs absolutely and simply; * * * ." 31 C. J. S., s. 8, p. 18.

"A fee-simple estate is the greatest estate a person can possess in landed property; * * * . It embraces all of the estates that may be carved therefrom, * * * . It is not subject to a special limitation or a condition subsequent or an executory limitation." 31 C. J. S., s. 8, p. 19. See, also, Restatement of the Law, Property, s. 15, p. 42, and 1 Simes, Law of Future Interests, s. 37, p. 49. The fee simple title descends upon the death of the owner, to both lineal and collateral heirs, according to the statutes of descent in force in the jurisdiction. In this state, under section 30-102, R. S. 1943, the title in fee simple would descend to the sole and only heir, Fern M. Dalton.

We have held that a grant or devise of real estate to a designated person in fee simple with provisions therein that are inconsistent or repugnant thereto, such as a restriction against the power to sell, mortgage or otherwise encumber, such provisions are void.

In *State Bank of Jansen v. Thiessen*, 137 Neb. 426, 289 N.

W. 791, this court held: "A devise of real estate to a designated person 'and his heirs forever,' without power to sell, mortgage or otherwise encumber, vests such designated person with a fee simple title. The restraints against alienation contained therein are repugnant to the estate devised and are therefore void." In the opinion this court said: "It is a fundamental rule when an estate in fee simple is devised that an attempt by the testator to prevent alienation is ineffective and void for the reason that it is repugnant to the estate devised. *Yates v. Yates,* 104 Neb. 678, 178 N. W. 262; *Myers v. Myers,* 109 Neb. 230, 190 N. W. 491." See, also, *Moffitt v. Williams,* 116 Neb. 785, 219 N. W. 138.

In *Grant v. Hover,* 103 Neb. 730, 174 N. W. 317, this court said: "It has been regarded by the courts that it is impossible to convey an absolute title to real estate in fee simple by deed or will, and at the same time in the same instrument convey to the same person a limited right or title in the same land."

We conclude that the restrictions on alienation contained in the deeds of Addie E. Watson to Fern M. Dalton, especially upon the death of Addie E. Watson, were repugnant to and inconsistent with the fee simple title absolute which was then vested in Fern M. Dalton, and that the subsequent conveyance by deed and devise by will by her to her husband, vested in the husband the fee simple title to all the real estate.

Our former opinion reached the same result as we have reached in the case at bar, except that the former opinion was predicated upon a condition subsequent. To this extent our former decision is hereby set aside and vacated, as being in conflict with this opinion.

For the reasons given in this opinion, the judgment of the district court is affirmed.

AFFIRMED.

CHAPPELL, J., concurring.

I concur in the result but not in the primary reason for it. It seems to me that, for all practical purposes, the majority have gently demised conditions subsequent to the age

of past legal history. The law best speaks for itself and I sincerely believe that what it is and ought to be will be found in our former opinion.